Helen LEATHERWOOD, Plaintiff,

v.

UNIVERSAL BUSINESS SERVICE
COMPANY and Don Powers,
Inc., Defendants.

No. CIV–86–239E.

United States District Court,
W.D. New York.

Feb. 27, 1987.

Timothy J. Burke, Cheektowaga, N.Y., for plaintiff.

Dennis P. Hamilton, Buffalo, N.Y., for defendants.

## MEMORANDUM and ORDER

ELFVIN, District Judge.

This is an action for statutory damages brought by an individual consumer alleging violations of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq.* Such statute prohibits debt collectors from engaging in abusive, deceptive and/or unfair practices. Defendant Don Powers, Inc. ("Powers") has counterclaimed seeking payment of the underlying debt and attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3). The plaintiff, alleging that this Court lacks jurisdiction over the first counterclaim and that the second counterclaim fails to state a cause of action, has moved to dismiss them.

The FDCPA establishes federal jurisdiction for the plaintiff's cause of action. 15 U.S.C. § 1692 *et seq.* In contrast, the counterclaim for the underlying debt rests solely on state law grounds. Moreover, because the parties are not diverse and less than $10,000 is in controversy, no independent basis for federal jurisdiction exists. 28 U.S.C. §§ 1331, 1332. Thus, for this Court to have jurisdiction over the defendant's debt collection action, such must be a compulsory counterclaim under Fed.R. Civ.P. rule 13(a). If the counterclaim is permissive only, it must be dismissed for lack of jurisdiction.

Fed.R.Civ.P. rule 13(a) provides that a counterclaim is compulsory "if it arises out of the transaction or occurrence that is the subject matter of the opposing party's claim * * *." In applying the rule to particular cases, courts have considered whether the issues of fact and of law raised by the claim and counterclaim are largely the same, whether res judicata would bar a subsequent suit on the defendant's claim given the compulsory counterclaim rule, whether substantially the same evidence bears on both claims and whether any logical relationship exists between the two claims. 6 C. Wright & A. Miller, Federal Practice & Procedure § 1410 (1971);

*Great Lakes Rubber Corporation v. Herbert Cooper Co.*, 286 F.2d 631 (3rd Cir. 1961).

Applying these guidelines to the instant case, this Court concludes that Powers's claim against the plaintiff to collect the debt does not possess the characteristics associated with a compulsory counterclaim.

Firstly, although the claim and the counterclaim arise from the same underlying business transaction—the alleged performance of plumbing services—Powers's counterclaim raises issues starkly different from those presented by the plaintiff's claim. The latter relates to the application of the FDCPA and focuses on a narrow realm of facts concerning the use of abusive, deceptive and/or unfair debt collection practices by the defendants. On the other hand, Powers's counterclaim encompasses a private duty under state law and requires a broad proof of facts establishing the existence and performance of a contract, the validity of the contract's provisions, a breach of the contract by the plaintiff and monetary damages resulting from the breach. The claim and counterclaim are, of course, "offshoots" of the same basic transaction, but they do not represent the same basic controversy between the parties. *See Zeltzer v. Carte Blanche Corp.*, 414 F.Supp. 1221, 1224 (W.D.Pa.1976). Therefore, a decision in this action without the counterclaim would not be res judicata in a subsequent suit on the debt by Powers in a state court.

Secondly, the evidence needed to support each claim differs. The borrower need produce only the final demand for payment letter dated January 27, 1986 from defendant Universal Business Service Company to the plaintiff and the letter to her dated February 11, 1986 from its Retail Merchants Collection Bureau, demanding payment of the debt. These letters would not be used by Powers to prove his counterclaim. Rather, Powers must prove that the plaintiff has an obligation and that there was a default on payments for plumbing

**50**

work performed. *Zeltzer v. Carte Blanche Corp., supra,* at 1224.

Thirdly, the claim and counterclaim are not related on a transactional level. Undoubtedly, a relationship exists in that both claims arise out of Powers's alleged performance of plumbing work for the plaintiff. However, the FDCPA claim involves the enforcement of federal policy and federal statutory law concerning a debt collector's conduct in collecting a debt. This claim does not concern any obligations created by the underlying debt. In contrast, the counterclaim alleges that the plaintiff has defaulted on a private contract governed by state law.

Thus, while there appears to be a relationship between the two claims, consideration of the facts underlying the cause of action, of the law relevant to each and of the evidence needed to support the claims "reveals that the relationship is more illusory than real." *Gammons v. Domestic Loans of Winston-Salem, Inc.,* 423 F.Supp. 819, 821 (M.D.N.C.1976).

In view of the dissimilarities between the claim and the counterclaim, this Court finds that the defendant's counterclaim is not compulsory and will be dismissed.

There are additional considerations which shape and reinforce the instant holding. To permit a defendant in a FDCPA action to use the federal proceedings as a forum for state grievances against a debtor-plaintiff would impede expeditious enforcement of the federal penalty. To allow a debt collector defendant to seek to collect the debt in the federal action to enforce the FDCPA might well have a chilling effect on persons who otherwise might and should bring suits such as this. Moreover, it would involve this Court in questions of no federal significance. Given the remedial nature of the FDCPA "and the broad public policy which it serves, federal courts should be loath to become immersed in the debt collection suits of [by?] the target of the very legislation under which" a FDCPA plaintiff states a cause of action. *Roberts v. National School of Radio & Television Broadcasting,* 374 F.Supp. 1266, 1271 (N.D.Ga.1974). Such case presented an analogous fact situation wherein the federal district court was asked to decide whether a defendant's claim for the balance due on a loan is a compulsory counterclaim in the borrower's action for violations of the Federal Truth in Lending Act, 15 U.S.C. § 1601 *et seq.* Courts presented with that scenario have in the majority held that the lender's counterclaim is permissive only. *Zeltzer v. Carte Blanche Corp., supra; Gammons v. Domestic Loans of Winston-Salem, Inc., supra; Whigham v. Beneficial Finance Co. of Fayetteville,* 599 F.2d 1322 (4th Cir.1979). *But see Mims v. Dixie Finance Corp.,* 426 F.Supp. 627 (N.D.Ga. 1976); *Rollins v. Sears, Roebuck & Co.,* 71 F.R.D. 540 (E.D.La.1976).

A decision as to Powers's request for attorney's fees, which said defendant has labeled as a "counterclaim" is reserved until the merits of this case shall have been resolved.

Accordingly, it is hereby ORDERED that the plaintiff's motion to dismiss defendant Powers's first counterclaim is granted and that her motion to dismiss its second counterclaim is denied without prejudice.