Richard HARDIN and Audrey
Hardin, Plaintiffs,

v.

Lee FOLGER; Continental Collection
Bureau d/b/a Continental Management
Association; Hart Goldsmith d/b/a
Traneel Corporation d/b/a Continental
Collection Bureau; American Revenue
Service, Inc. d/b/a American Revenue
Service; and Bradley W. Schwartz, De-
fendants.

No. CIV-88-522T.

United States District Court,
W.D. New York.

Oct. 19, 1988.

William P. D'Amico, UAW–GM Legal
Services Plan, Rochester, N.Y., Ira Mark
Goldberg, Cheektowaga, N.Y., for plain-
tiffs.

Gerald F. Wahl (Fulreader, Rosenthal,
Sullivan, Clifford, Santoro & Kaul, of coun-
sel), Rochester, N.Y., for defendants Amer-
ican Revenue Service, Bradley W.
Schwartz, Traneel Corp., and Hart Gold-
smith.

Shaun Jackson, Buffalo, N.Y., for de-
fendant Lee Folger.

## DECISION AND ORDER

TELESCA, Chief Judge.

This action arises under the Fair Debt
Collection Practices Act, 15 U.S.C. § 1692
*et seq.* ("FDCPA"). Plaintiffs allege that
the defendants have violated the FDCPA in
their attempts to collect a debt owed by the
plaintiffs to a non-party, Leisurewood

Campgrounds. With the exception of two individual defendants (one an employee of the creditor and another, an attorney), the defendants are doing business under various assumed names.

In their complaint, plaintiffs allege a total of six claims under the FDCPA, one against each named defendant. Each claim alleges from three to six violations of the Act concerning the defendants' 1) failure to provide notice of debt collection action pursuant to 15 U.S.C. § 1692g, 2) threatening to take action to collect the debt which was not intended to be taken pursuant to 15 U.S.C. § 1692e(5); or failure to disclose that a communication was an attempt to collect a debt, pursuant to 15 U.S.C. § 1692e(11). The amount of the underlying debt owed to Leisurewood Campgrounds is less than $900.00.

Two answers were submitted in this action, one on behalf of defendant Lee Folger, an employee of the creditor, and the other answer on behalf of the remaining defendants. Plaintiffs now move against both answers, seeking to strike an affirmative defense and a counterclaim from each. Defendant Lee Folger has moved for summary judgment dismissing the complaint. The remaining defendants move to dismiss the complaint as against them. For reasons discussed below, plaintiffs' motion is denied as to the affirmative defense and granted as to the counterclaims; defendants' motions are denied.

### Plaintiffs' Motions to Strike Affirmative Defenses [1] and Dismiss Counterclaims.

Fed.R.Civ.P. 12(f) provides that upon motion, "the Court may order stricken from any pleading any insufficient defense ..." A Court should not grant a motion to strike a defense "unless the insufficiency of the defense is clearly apparent." *Cipollone v. Liggett Group, Inc.*, 789 F.2d 181, 188 (3rd Cir.1986) (citations omitted). Since the Court does not find that defendant Lee

Folger's affirmative defense is insufficient as a matter of law, plaintiffs' motion is denied.

■ Folger's defense is based on the statutory exemption from the FDCPA for "any officer or employee of a creditor while, in the name of the creditor, collecting debts for such creditor; ..." 15 U.S.C. § 1692a(6)(A). Plaintiffs have pointed out in their motion papers, however, that the FDCPA does apply to any creditor who, "in the process of collecting his own debts, uses any name other than his own which would indicate that a third person is collecting or attempting to collect such debts." 15 U.S.C. § 1692a(6).

In this case, while the debt notices appear to come from third parties, defendant Folger alleges that she is known by the plaintiffs to be an employee of the creditor. Neither party having provided the Court with either facts or law dispositive of this issue, the Court declines to strike this defense.

■ Each of the answers contains a similar counterclaim which plaintiffs seek to dismiss. These counterclaims rely on the civil liability section of the FDCPA, § 1692k, which permits the Court to award defendant attorney's fees if the Court determines that the action was brought in bad faith and for the purpose of harassment. The statute does not expressly state that it provides a cause of action to a defendant in a bad faith claim, but rather states that the Court *may* award such fees. In *Leatherwood v. Universal Business Service Co.*, 115 F.R.D. 48 (W.D.N.Y.1987), the court denied a plaintiff's motion to dismiss a similar counterclaim, stating "a decision as to [defendant's] request for attorney's fees, which said defendant has labeled as a 'counterclaim' is reserved until the merits of this case shall have been resolved." *Id.* at 50. But in *Johnson v. Ardec Credit Services, Inc.*, (N.D.Ga. No.

---

**1.** In addition to moving to strike an affirmative defense advanced by defendant Lee Folger, plaintiffs also move to strike an affirmative defense advanced on behalf of the other defendants which alleged that the exhibits to plaintiffs' complaint were illegible and had been altered, and thus could not properly be considered part of the complaint. Plaintiff having provided defendants with legible copies of same, this affirmative defense has been withdrawn by the defendants.

C83–0818A, decided March 21, 1984), a copy of which was provided by the plaintiff, the Court dismissed such a counterclaim, stating that this statutory provision did not provide a claim to defendants, and that their means of seeking relief under it was by motion after a determination on the merits of plaintiff's underlying claim. I am persuaded both by the permissive language of the statute itself and by the reasoning of the Court in *Johnson v. Ardec* that the civil liability section of the FDCPA, is U.S.C. § 1692k, provides *relief,* but not a claim, to defendants in an action under the Act. If the Court determines that the action is brought in bad faith, defendants' relief is sought properly by motion for attorneys' fees.

### Defendant Folger's Motion

 Defendant Folger has styled her motion one for "summary judgment and to dismiss plaintiffs' complaint." She premises her summary judgment motion on an allegation that the collection notices sent to plaintiffs, which bore the name of Lee Folger, do not constitute a "communication" as required by the FDCPA. She moves to dismiss the complaint on the basis of her status as an employee of the creditor. In support of the motions, defendant submits her own affidavit which basically disputes the allegations of plaintiffs' complaint. A brief in support of the motions fails to deal with the applicability of the statute to a creditor's employee when that employee makes attempts to collect a debt in the name of a third party.

The function of the District Court in considering the motion for summary judgment is not to resolve disputed issues of fact but only to determine whether there is a genuine issue to be tried. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 106 S.Ct. 2505, 2509–11, 91 L.Ed.2d 202 (1986). At this early stage of this case, summary judgment would be totally inappropriate, and therefore defendant Folger's motion is denied. Similarly, defendant's motion to dismiss the complaint on the grounds that she is exempt from the statute by virtue of her status as an employee of the creditor, must be denied. Since defendant has submitted an affidavit in support of said motion, the motion shall be treated as one for summary judgment, Fed.R.Civ.P. 12(c). It is evident even on the papers submitted so far, that a genuine issue of material fact exists as to whether Lee Folger's status as an employee exempts her from the FDCPA.

### Defendants' Motion to Dismiss

Defendants do not specify the grounds upon which they seek dismissal of plaintiffs' complaint. In their supporting brief, defendants merely dispute plaintiffs' facts and their understanding of the underlying law. Since defendants have clearly not established beyond doubt that plaintiffs can prove no set of facts in support of their claim which would entitle them to relief, this motion is denied. *Conley v. Gibson,* 355 U.S. 41, 45–46, 78 S.Ct. 99, 101–102, 2 L.Ed.2d 80 (1957); *Dahlberg v. Becker,* 748 F.2d 85, 88 (2d Cir.1984), *cert. denied,* 470 U.S. 1084, 105 S.Ct. 1845, 85 L.Ed. 2d 144 (1985).

ALL OF THE ABOVE IS SO ORDERED.