**UNIQUE CONCEPTS, INCORPORATED, and Floyd M. Baslow, Plaintiffs–Appellants,**

v.

**Ted MANUEL and Upholstered Wall Works, Incorporated, Defendants–Appellees.**

**No. 90–1674.**

United States Court of Appeals, Seventh Circuit.

Submitted March 27, 1991.

Decided April 23, 1991.

Rehearing and Rehearing En Banc Denied May 23, 1991.

Francis D. Morrissey, William Lynch Schaller, J. Kent Mathewson, Lisa Sopata, Baker & McKenzie, Chicago, Ill., Victoria A. Cundiff, Samuel D. Rosen, Thomajan Milgrim, Jacobs & Lee, New York City, Jean Marie R. Pechette, Stuart D. Smith, Gordon & Glickson, Chicago, Ill., for plaintiffs-appellants.

Donald C. Shine, Nisen & Elliott, James T. Fitzgibbon, Angelo J. Bufalino, C. Michael Kendall, Lockwood, Alex, Fitzgibbon & Cummings, Chicago, Ill., for defendants-appellees.

Before EASTERBROOK, RIPPLE, and KANNE, Circuit Judges.

EASTERBROOK, Circuit Judge.

Ted Manuel quit his employment at Unique Concepts, Inc., and started his own firm, Upholstered Wall Works. Unique Concepts believed that Manuel's new business was producing products for which it held a patent, and it filed suit under the patent laws. Manuel and Upholstered Wall

Works (collectively Manuel) responded with a counterclaim based on the state law of defamation and a state consumer protection law. These counterclaims are permissive rather than compulsory, because they arise out of different transactions, Fed.R. Civ.P. 13(a), (b)—to be precise, out of a letter Unique Concepts sent to many of Manuel's customers. The letter said that Manuel's products are unsafe and mentioned the pending patent litigation. Diversity of citizenship supplies an independent jurisdictional basis of the counterclaims, which we call "the letter claims".

The district court bifurcated the case and tried the letter claims first. The jury returned a verdict of $200,000 in Manuel's favor. Unique Concepts then asked for leave to dismiss its claims without prejudice, a maneuver designed to avoid the possibility of preclusion in a contributory infringement suit Unique Concepts has pending in New York against Manuel's supplier. The district court granted this motion, conditioned on the execution of a covenant not to refile the patent suit against Manuel. The district judge entered a final judgment, covering all claims and counterclaims, on March 12, 1990.

The two sides then appealed, to different courts. Unique Concepts appealed to this court, Manuel to the Federal Circuit. Complicating matters, the clerk of the district court transmitted Unique Concepts' notice of appeal to *both* courts. Fed.R.App.P. 3(d) directs the clerk to send the notice of appeal "to the clerk of the court of appeals named in the notice", and Unique Concepts named this court. Apparently Manuel's counsel called the clerk's office and volunteered that Unique Concepts' lawyer had made a "mistake" in naming the Seventh Circuit. The clerk's office then took it upon itself to rectify this "mistake" by sending the notice to the Federal Circuit, where it has been docketed. The transmission to the Federal Circuit is unauthorized and ineffectual. The appeal was taken to this court; it has been docketed here, and it is ours to decide. Of course, the first question is whether we have jurisdiction. We called for briefs, and the subject is ready for decision.

The Federal Circuit has exclusive jurisdiction of "an appeal from a final decision of a district court ... if the jurisdiction of that court was based, in whole or in part, on section 1338 of this title, except that a case involving [copyright and trademark matters] and no other claims under section 1338(a) shall be governed by sections 1291, 1292, and 1294 of this title." 28 U.S.C. § 1295(a)(1). Section 1338 creates subject-matter jurisdiction in patent, copyright, and trademark cases. The upshot is that if the jurisdiction of the district court is based "in part" on a patent claim, the appeal lies to the Federal Circuit. *Christianson v. Colt Industries Operating Corp.*, 486 U.S. 800, 108 S.Ct. 2166, 100 L.Ed.2d 811 (1988), holds that to determine whether the district court's jurisdiction is based on § 1338 the court of appeals should apply the well-pleaded complaint rule: if the plaintiff must succeed on a question of patent law in order to prevail, then jurisdiction is founded on § 1338, and if not, not. This means that some patent *issues* (those offered as defenses) come to the regional courts of appeals. We took the next step in *Kennedy v. Wright*, 851 F.2d 963 (7th Cir.1988), holding that when the district court's jurisdiction depends in part on § 1338, the appeal lies to the Federal Circuit even if the relief depends entirely on state law. (In *Kennedy* the district court decided that the defendant owned all rights in question and so avoided questions about validity and infringement.)

In this case, as in *Kennedy*, the complaint included a well-pleaded patent claim, and the relief depends on state law. Unique Concepts says that *Kennedy* does not control, however, because Manuel's relief was based on a permissive counterclaim. A federal court has supplemental jurisdiction over compulsory counterclaims. ("Ancillary jurisdiction" became "supplemental jurisdiction" on December 1, 1990, see § 310(a) of the Judicial Improvements Act of 1990, 104 Stat. 5089, 28 U.S.C. § 1367.) Permissive counterclaims, however, require their own jurisdictional basis. *Harbor Insurance Co. v. Continental*

*Bank Corp.*, 922 F.2d 357, 360 (7th Cir. 1990); *Tenneco Inc. v. Saxony Bar & Tube, Inc.*, 776 F.2d 1375, 1379 (7th Cir. 1985); *Clark v. Universal Builders, Inc.*, 501 F.2d 324, 341 (7th Cir.1974). See also Charles Alan Wright, Arthur R. Miller, & Mary Kay Kane, 6 *Federal Practice & Procedure* § 1422 (2d ed. 1990) (collecting cases). Manuel's counterclaim has nothing to do with patent law; jurisdiction was founded on diversity of citizenship. 28 U.S.C. § 1332(a). The award of $200,000 does not depend on the patent laws, even "in part". (To say it is based "in part" on § 1338 would be to say that no independent jurisdictional basis was necessary.) It follows, Unique Concepts believes, that the appeal lies to the regional court of appeals. It invokes *Aerojet–General Corp. v. Machine Tool Works, Oerlikon–Buehrle, Ltd.*, 895 F.2d 736 (Fed.Cir.1990) (in banc), which holds that a compulsory patent counterclaim may supply "part" of a district court's jurisdiction and so direct an appeal to the Federal Circuit. This works both ways, according to Unique Concepts.

If § 1295(a)(1) allocated jurisdiction according to the basis of relief, this would be a strong argument. *Christianson* tells us to take § 1295(a)(1) literally and not attempt to determine on the basis of subject matter to which court an appeal "ought" to go. Jurisdictional rules should be simple and clear. Which court is best suited to decide a given *issue* is not at all clear, and is neither here nor there under § 1295(a)(1). *Kennedy* took this task seriously when sending to the Federal Circuit an appeal to which patent law was irrelevant. We rejected at least part of Justice Stevens' submission, concurring in the judgment in *Christianson*, 486 U.S. at 819–24, 108 S.Ct. at 2179–2182, that courts attempt to determine jurisdiction claim-by-claim rather than case-by-case. In *Kennedy* the district court's jurisdiction was based cleanly on § 1338. Here § 1338 supplies no part of the jurisdiction to decide the permissive counterclaim. Equality in literalism seems to compel the conclusion that Unique Concepts' appeal belongs in this court.

The difficulty with this approach is that § 1295(a)(1) does not speak of jurisdiction over a complaint or claim for relief. It speaks of jurisdiction to enter the "final decision". When patent issues enter the case as defenses, as they did in *Christianson,* jurisdiction at the time of the complaint and jurisdiction at the time of judgment are identical. Then the well-pleaded complaint rule must govern. *Aerojet–General* observes that counterclaims complicate matters. A patent counterclaim may supply a new basis of jurisdiction, so that by the time a case reaches its conclusion, the judgment depends "in part" on § 1338. Manuel's counterclaim supplied a new basis of jurisdiction, but it did not take away any. The *judgment* the district court entered does two things: it awards Manuel $200,000 and dismisses Unique Concepts' patent claim. The first aspect depends on § 1332, the second on § 1338. Jurisdiction to enter this judgment therefore came, in part, from (a well-pleaded complaint under) § 1338. Section 1295(a)(1) directs all appeals from such judgments to the Federal Circuit.

The literal reading of § 1295(a)(1) also happens to be a sensible one. All appeals from a single judgment ought to go to one court, facilitating efficient briefing and decision. Facts intermingle even when jurisdictional bases do not. Although the letter claims come from separate "transactions" within the meaning of Rule 13, both patent and letter claims grow out of Manuel's defection and Unique Concepts' efforts to salvage the situation. One court ought to review the entire imbroglio.

If the district judge had used Fed.R. Civ.P. 54(b) to separate the letter claims from the patent claims, then Unique Concepts would have a better argument. That final decision really would depend wholly on § 1332. We need not decide whether Rule 54(b) can be used to direct an appeal to a particular circuit. No such judgment was entered in this case. The single final decision was based "in part" on § 1338. We therefore transfer Unique Concepts' appeal to the Federal Circuit under 28 U.S.C. § 1631.