**MERITOR SAVINGS BANK, Plaintiff,**

v.

**CAMELBACK CANYON INVESTORS, et al., Defendants.**

**William CHICK, et al., Cross-claimants,**

v.

**Wesley ARNOLD, et al., Cross-defendants.**

**No. CIV. 91–843 PHX WPC.**

United States District Court, D. Arizona.

Nov. 12, 1991.

David A. Weatherwax, Phoenix, Ariz., for plaintiff Meritor Sav. Bank.

Kent A. Lang, Phoenix, Ariz., for defendants William and Suzanne Chick.

Marc C. Cavness, Phoenix, Ariz., for defendants Anderson.

Shawn Aiken, Phoenix, Ariz., for defendants CCI and Arnold.

## MEMORANDUM AND ORDER

COPPLE, District Judge.

The following motions are currently pending before the Court: Cross-defendants Lawrence and Terri Anderson's (collectively "Anderson") Motion to Dismiss the Cross Claim for Lack of Subject Matter Jurisdiction; Defendant/Cross-claimant William and Suzanne Chick's (collectively "Chick") Motion for Partial Summary Judgment; and, Plaintiff Meritor Savings Bank's ("Meritor") Cross Motion for Summary Judgment on Liability of Chicks. The motions were briefed and a hearing took place on November 8, 1991. The court now rules on the pending motions.

## I. Background

Meritor filed this action against Camelback Canyon Investors ("CCI") and CCI's general partners and their wives to recover an alleged deficiency remaining after a trustee's sale of real property.

More specifically, on May 15, 1987, CCI executed a Promissory Note in the original principal amount of $1.85 million dollars. As part of the same transaction, and to secure payment of the Promissory Note, CCI executed a Deed of Trust and Assignment of Rents and a separate Assignment of Leases and Rents in favor of Meritor. The Deed of Trust encumbered the real property owned by CCI which was located at 4500 North 32nd Street in Phoenix, Arizona.

Meritor alleges that CCI defaulted on its obligations under the Promissory Note and Deed of Trust by failing to make payments when due. Plaintiff foreclosed CCI's interest in the property by a trustee's sale on May 7, 1991. Plaintiff now seeks a deficiency judgment against the individual general partners of CCI, including the community property owned by the partners and their wives.

## II. Subject Matter Jurisdiction of Cross Claim

Defendant Chick filed a cross-claim against defendants Anderson and Wesley and Norma Arnold (collectively "Arnold") based upon matters concerning the CCI partnership. Defendant Anderson filed a Motion to Dismiss the cross claim, alleging that while this Court has jurisdiction to hear the complaint, it does not have jurisdiction to hear the cross claim as all parties to the cross-claim are Arizona residents,

thus depriving the Court of diversity jurisdiction over the cross claim.

Defendant Anderson's motion, as pointed out by defendant Chick, ignores the doctrine of pendent or "supplemental" jurisdiction, codified at 28 U.S.C. § 1367(a) (Supp. 1991). This section provides:

> ... in any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to the claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.

28 U.S.C. § 1367(a). Defendant Anderson does not contend that this court lacks jurisdiction over the complaint or that the contentions raised in the cross-claim are not related to the claims raised in the underlying complaint. Defendant Anderson only argues that because the parties involved in the cross claim are all Arizona residents, no diversity jurisdiction exists over the cross claim. Defendant Anderson filed no reply once defendant Chick pointed out, in its response, the applicability of the doctrine of pendent jurisdiction.

■ Based upon the statute, this Court concludes that it has jurisdiction to hear defendant Chick's cross claim, pursuant to 28 U.S.C. § 1367(a). *See, United Mine Workers v. Gibbs*, 383 U.S. 715, 86 S.Ct. 1130, 16 L.Ed.2d 218 (1966) (holding that a federal court may adjudicate claims for which there is no independent basis for subject matter jurisdiction if the non-jurisdictional claims are related to other claims for which the does have jurisdiction); *See also*, 1 Moore's Federal Practice, para. 0.67 (2d ed. 1991) (explaining that a federal court can hear any proceeding incident or ancillary to a lawsuit which is properly with its jurisdiction. This is true "even if the incidental matter would not meet subject matter jurisdictional requirements if brought independently."). For the foregoing reasons, defendant Anderson's motion to dismiss the cross claims will be denied.

### III. Chick's Liability

■ Defendant Chick filed a motion for partial summary judgment alleging that because Mrs. Chick did not join in the transactions described above, Meritor is not entitled to any judgment against the Chick's community property. Plaintiff Meritor filed a cross motion for summary judgment re Chick's liability, alleging that because the transactions were entered into by Mr. Chick as a general partner for CCI and in an effort to benefit the community, Meritor can reach the Chick's community property.

Defendant Chick relies upon Ariz.Rev. Stat. § 25–214(C) which states:

> Either spouse separately may acquire, manage, control, or dispose of community property, or bind the community, except that joinder of both spouses is required in any of the following cases:
>
> 1. Any transaction for the acquisition, disposition, or encumbrance of an interest in real property other than an unpatented mining claim or a lease of less than one year. . . .

A.R.S. § 25–214(C). The statute clearly states that in order to encumber real property, both spouses must join in the transaction.

In the present case, Mr. Chick became a general partner in CCI and entered into certain debts, through CCI, for the benefit of the marital community. However, Mrs. Chick did not join in the transactions of her husband concerning the general partnership obligations. Therefore, based on the plain language of the statute, the Chick's community property cannot be reached.

This conclusion is also supported by the recent case of *First Interstate Bank v. Tatum and Bell*, —— Ariz. ——, 821 P.2d 1384 (App.1991), published in the Arizona Business Gazette (Nov. 1, 1991). In *First Interstate*, the court specifically addressed the question of whether husbands in a general partnership could, through activities of the general partnership, bind their community property where the spouses of those general partners failed to join in the transactions. The Arizona Court of Appeals explicitly answered the question in the negative.

458

Applying *First Interstate* to this case, it is clear that under the current state of Arizona law, plaintiff cannot reach defendants' community property real estate.

IT IS THEREFORE ORDERED:

(1) Anderson's Motion to Dismiss Cross Claim for Lack of Subject Matter Jurisdiction is hereby denied.

(2) Chick's Motion for Partial Summary Judgment is hereby granted. The Chick's community property may not be reached.

(3) Meritor's Motion for Summary Judgment Re: Liability of Chicks is hereby denied.