**Donald SHAMBLIN, Plaintiff,**

v.

**CITY OF COLCHESTER, Defendant.**

**No. 91–1078.**

United States District Court,
C.D. Illinois,
Peoria Division.

April 16, 1992.

---

Steven D. Rittenmeyer, Macomb, Ill., for plaintiff.

J. Reed Roesler, Keck Mahin & Cate, Peoria, Ill., Brian Holland, Holland & Holland, Bushnell, Ill., for defendant.

## ORDER

McDADE, District Judge.

Before the Court is Defendant's Motion To Amend Counterclaim And To Extend Discovery Deadline (Doc. 18, Part 1). For the foregoing reasons, Defendant's motion is denied. This case is referred back to the Magistrate Judge.

### FACTUAL BACKGROUND

Defendant seeks to amend its counterclaim against Plaintiff by adding a Count II based upon the Plaintiff's alleged breach of fiduciary duty to the City while employed as a police officer. Defendant claims that on or about December 13, 1991, it was served with the Plaintiff's Supplemental Response to Defendant's first Set of Interrogatories and learned for the first time of an "interview" with a Mr. "Butch" Beadles, a former City Police officer. The person conducting this interview reported, in part:

> Beadles believes Don [Shamblin] was involved in drug sales, alcohol sales and thefts. He reported that juveniles told him Don tried to induce them to steal merchandise for him. Among other incidents Beadles reports the following: Don resided above a laundromat in Colchester. On one occasion he had a party for juveniles. One juvenile was intoxicated to the extent that he went to sleep and burned his feet on an open hot air register.
>
> Beadles also reports an off-duty Monmouth P.D. officer was in the laundromat doing laundry. He told Beadles he overheard a conversation in which indi-

viduals inquired of others if there was any where they could purchase drugs. Beadles reports they were directed upstairs to Don's residence.

Plaintiff claims that Defendant was aware that Beadles had knowledge about Plaintiff's work and non-work activities during the time period of Plaintiff's employment in late September of 1991, but chose not to depose Beadles prior to the close of discovery on November 15, 1991. Thereafter, Defendant mailed Plaintiff a copy of an interview with Beadles prepared by an investigator at the direction of Plaintiff's counsel. Plaintiff attacks the City's motion to amend and to extend the discovery deadline as untimely since Defendant had knowledge of Beadles in September and, with reasonable effort, could have discovered his evidence prior to the close of discovery. Plaintiff further argues that Defendant's motion and the amended counterclaim violate Rule 11 because their only factual bases are the unsubstantiated, hearsay statements of a biased witness.

## LEGAL STANDARDS

■ Defendant's Motion To Amend Counterclaim And To Extend Discovery Deadline must be denied because this Court lacks subject matter jurisdiction over the claim set forth in the proposed amendment. A federal court must at the outset examine whether jurisdiction exists before proceeding to the merits, and may raise the issue *sua sponte* where the parties have not raised it themselves. *A.G. Edwards & Sons, Inc. v. Public Building Comm'n of St. Clair County, Illinois*, 921 F.2d 118, 120–21 n. 2 (7th Cir.1990). The amendment to the counterclaim sets forth a state law breach of fiduciary duty claim between citizens of the same state and does not fall within the Court's federal question or diversity jurisdiction. Defendant's only potential basis for jurisdiction lies under The Judicial Improvements Act of 1990, which provides that a federal court has supplemental jurisdiction over those claims "that are so related to claims in the action within ... [the court's] original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution." 28 U.S.C. § 1367. A federal court has supplemental jurisdiction over compulsory counterclaims; however, permissive counterclaims require their own jurisdictional basis. *Unique Concepts, Inc. v. Manuel*, 930 F.2d 573, 574–75 *reh'g denied* (7th Cir.1991).

■ Rule 13 of the Federal Rules of Civil Procedure describes those counterclaims which are compulsory. A compulsory counterclaim under Rule 13(a) is one that (1) exists at the time of the pleading, (2) arises out of the same transaction or occurrence as the opposing party's claim, and (3) does not require for adjudication parties over whom the court may not acquire jurisdiction. *Burlington Northern R.R. Co. v. Strong*, 907 F.2d 707, 710–11 (7th Cir.1990). Defendant's proposed counterclaim does not interject new parties into the action. And although the evidence underlying Defendant's proposed counterclaim was apparently unknown to Defendant at the time that Plaintiff filed suit, that fact that the counterclaim is not compulsory in this sense does not deprive the Court of jurisdiction. *Harbor Ins. Co. v. Continental Bank Corp.*, 922 F.2d 357 (1990), *reh'g denied* (7th Cir.1991).

However, the parties' claims do not arise out of the same transaction or occurrence. The Seventh Circuit has developed a "logical relationship" test to determine whether the "same transaction or occurrence" requirement is satisfied. *Burlington*, 907 F.2d at 711. As stated in *Burlington*:

"Courts generally have agreed that the word 'transaction or occurrence' should be interpreted liberally in order to further the general policies of the federal rules and carry out the philosophy of Rule 13(a).... As a word of flexible meaning, 'transaction' may comprehend a series of many occurrences, depending not so much upon the immediateness of their connection as upon their *logical relationship*.... [A] counterclaim that has its roots in a separate transaction or occurrence is permissive and is governed by Rule 13(b)." *Id.* (quoting *Gilldorn Sav. Ass'n v. Commerce Sav. Ass'n*, 804

F.2d 390, 396 (7th Cir.1986) (quoting *Warshawsky & Co. v. Arcata Nat'l Corp.*, 552 F.2d 1257, 1261 (7th Cir. 1977))).

In determining whether claims are logically related, a court should consider "the totality of the claims, including the nature of the claims, the legal basis for recovery, the law involved, and the respective factual backgrounds." *Burlington*, 907 F.2d at 711–12. Examination of these factors in the present case reveals that Defendant's proposed counterclaim does not arise out of the same transaction or occurrence as Plaintiff's claim.[1] Plaintiff's claim that the time he spent on-call while employed by Defendant is compensable under the Fair Labor Standards Act and the Illinois Minimum Wage Act arises out of the conditions of his on-call employment status and the nature of the activities engaged in while on call. Defendant's proposed counterclaim that Plaintiff breached a fiduciary duty owed by a police officer to a city that employs him arises out of Plaintiff's allegedly criminal private activities during the time period that he was employed by Defendant. The two claims raise different legal and factual issues governed by different bodies of law, and lack any shared realm of genuine dispute. The breach of fiduciary duty claim is a permissive counterclaim over which this Court has no subject matter jurisdiction.[2] Accordingly, Defendant's Motion To Amend Counterclaim and To Extend Discovery Deadline is hereby denied.

---

1. Nor does it arise out of the same transaction or occurrence as defendant's original counterclaim, which alleges that Plaintiff breached his employment contract with defendant by terminating his employment after less than a year.

2. As the Court lacks subject matter jurisdiction over the proposed counterclaim, it will not address Plaintiff's contentions that Defendant's motion to file the counterclaim violates Rule 11.