**Amanda J. HART, Plaintiff,**

v.

**CLAYTON–PARKER AND ASSOCIATES, INC., Defendant.**

**CLAYTON–PARKER AND ASSOCIATES, INC., Counterclaimant,**

v.

**Amanda J. HART, Counterdefendant.**

**No. CIV 94–0190 PHX RCB.**

United States District Court, D. Arizona.

June 29, 1994.

Michael C. Shaw, Tempe, AZ, for plaintiff/counterdefendant.

Dennis Skarecky, Phoenix, AZ, for defendant/counterclaimant.

ORDER

BROOMFIELD, Chief Judge.

Before the court is plaintiff's motion to dismiss counterclaim. The court heard oral argument on June 27, 1994 and now rules.

I. BACKGROUND

Plaintiff's complaint states that in 1990, she applied for and received a credit card from J.C. Penney Company. When she was subsequently unable to pay her balance of $1,135.25, J.C. Penney assigned her account to defendant for collection purposes. Plaintiff alleges that defendant engaged in deceptive, unfair and abusive debt-collection practices in violation of the Fair Debt Collection Practices Act ("FDCPA") and applicable Arizona law prohibiting unreasonable debt collection practices.

Defendant has filed a counterclaim alleging that plaintiff defaulted on her payments owing under her installment credit agreement with J.C. Penney's. Defendant thus seeks $1,135.25 plus interest as well as her costs and attorney's fees.

II. ANALYSIS

In her motion to dismiss counterclaim, plaintiff argues that the court lacks subject matter jurisdiction over defendant's counterclaim. She maintains that because the counterclaim does not arise under federal law and the parties are not diverse, the court can have jurisdiction over the counterclaim only if it is a compulsory counterclaim under Federal Rule of Civil Procedure 13(a). Plaintiff contends, however, that her cause of action for unlawful debt collection does not arise out of the same transaction or occurrence as defendant's cause of action for the underlying debt because 1) her claim focuses on facts concerning defendant's debt collection practices while the counterclaim focuses on the performance of a contract, 2) the evidence required to support each claim differs, and 3) the claim and counterclaim are not related on a transactional level. Plaintiff finally argues that adjudication of the counterclaim would require the presence of J.C. Penney and that the court cannot acquire jurisdiction over that entity.

Defendant responds that there is a logical relationship between the complaint and counterclaim and that the counterclaim is therefore compulsory. It further contends that the court is competent to adjudicate the counterclaim and that treating the counterclaim as compulsory would avoid a multiplicity of lawsuits. Defendant next avers that Congress has not evinced an intention to insulate FDCPA plaintiffs from the counter-

claims of their creditors. Finally, defendant maintains that the court can exercise supplemental jurisdiction over the counterclaim.

■ The court will first address defendant's argument that the court has supplemental jurisdiction over the counterclaim. The recently-enacted supplemental jurisdiction statute provides, in relevant part:

Except [as otherwise provided], in any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.

28 U.S.C. § 1367(a).

[2] Defendant maintains that under section 1367(a), the court may exercise jurisdiction over the counterclaim regardless of whether federal subject matter jurisdictional requirements are independently met. Defendant's argument, however, overlooks the fact that even under section 1367(a), courts must still distinguish between compulsory and permissive counterclaims: federal courts have supplemental jurisdiction over compulsory counterclaims, but permissive counterclaims require their own jurisdictional basis. *Unique Concepts, Inc. v. Manuel,* 930 F.2d 573, 574 (7th Cir.1991); *Shamblin v. City of Colchester,* 793 F.Supp. 831, 833 (C.D.Ill. 1992); *see also* 6 Charles Alan Wright, Arthur R. Miller and Mary Kay Kane, *Federal Practice and Procedure,* § 1422 (1989) (noting that while federal courts have jurisdiction over counterclaims, permissive counterclaims must be supported by independent grounds for federal jurisdiction). That is, section 1367(a) itself implicitly recognizes that only a compulsory counterclaim forms a part of the same case or controversy of the claim giving rise to federal jurisdiction. *See* Dennis McLaughlin, *The Federal Supplemental Jurisdiction Statute—a Constitutional and Statutory Analysis,* 24 Ariz.St.L.J. 849, 922 (1992) (noting that section 1367 will effect no change in the uniform practice of denying supplemental jurisdiction to unrelated permissive counterclaims). Thus, resolution of the question of the court's jurisdiction over defendant's counterclaim depends on whether the counterclaim is compulsory or permissive.[1]

■ Federal Rule of Civil Procedure 13(a) provides that a compulsory counterclaim "arises out of the transaction or occurrence that is the subject matter of the opposing party's claim and does not require for its adjudication the presence of third parties of whom the court cannot acquire jurisdiction." In determining what constitutes a compulsory counterclaim, the Ninth Circuit applies a "logical relationship" test to determine whether a claim and counterclaim arise out of the same transaction or occurrence. *In re Pinkstaff,* 974 F.2d 113, 115 (9th Cir.1992). This test analyzes "whether the essential facts of the various claims are so logically connected that considerations of judicial economy and fairness dictate that all the issues be resolved in one lawsuit." *Pochiro v. Prudential Ins. Co. of America,* 827 F.2d 1246, 1249 (9th Cir.1987) (quotation omitted). Thus, courts should consider whether the facts necessary to prove the claim and counterclaim substantially overlap. *Id.* at 1251; *Grumman Sys. Support Corp. v. Data General Corp.,* 125 F.R.D. 160, 162 (N.D.Cal. 1988).

Defendant relies on *Plant v. Blazer Financial Services, Inc. of Georgia,* 598 F.2d 1357 (5th Cir.1979) for the proposition that its debt collection claim is a compulsory counterclaim to plaintiff's FDCPA claim. In that case, the plaintiff brought an action under the Truth in Lending Act ("TILA"), and the defendant filed a counterclaim to recover the underlying debt. While recognizing that the majority of courts "have found the nexus between the truth-in-lending violation and

1. Defendant relies on *Meritor Sav. Bank v. Camelback Canyon Investors,* 783 F.Supp. 455 (D.Ariz.1991) to support its assertion of supplemental jurisdiction. That case, however, applied section 1367 to a counterclaim without addressing whether the counterclaim was permissive or compulsory. Under these circumstances, this court concludes that *Meritor* cannot stand for the definitive proposition that no independent basis for jurisdiction is required to support a permissive counterclaim.

debt obligation too abstract or tenuous to regard the claims as logically related," *id.* at 1362, the Fifth Circuit nevertheless concluded in a two to one decision that the debt collection counterclaim was compulsory, stating that "the obvious interrelationship of the claims and rights of the parties, coupled with the common factual basis of the claims, demonstrates a logical relationship between the claim and the counterclaim, *id.* at 1364."

Every other Court of Appeals to consider the issue has rejected the *Plant* analysis and concluded that TILA claims and underlying loan transactions do not arise out of the same transaction or occurrence and are thus not subject to the compulsory counterclaim provision of Rule 13(a). *See, e.g., Maddox v. Kentucky Finance Co., Inc.,* 736 F.2d 380, 383–84 (6th Cir.1984); *Valencia v. Anderson Bros. Ford,* 617 F.2d 1278, 1292 (7th Cir. 1980), *rev'd on other grounds,* 452 U.S. 205, 101 S.Ct. 2266, 68 L.Ed.2d 783 (1981); *Whigham v. Beneficial Finance Co. of Fayetteville,* 599 F.2d 1322 (4th Cir.1979); *see also Brady v. C.F. Schwartz Motor Co.,* 723 F.Supp. 1045 (D.Del.1989). As the Seventh Circuit noted in *Valencia,* "the sole connection between a TILA claim and a debt counterclaim is the initial execution of the loan document, ... [and] application of the logical relationship test reveals that this connection is so insignificant that compulsory adjudication of both claims in a single lawsuit will secure few, if any, of the advantages envisioned in Rule 13(a)." 617 F.2d at 1291. Similarly, the Fourth Circuit has reasoned that the debt collection claim is not compulsory because (1) the only question in the TILA suit is whether the lender made disclosures required by federal law, while the counterclaim requires the court to determine the parties' contractual rights under state law; (2) the evidence needed to support each claim differs; and (3) the claims are not logically related because the TILA suit does not arise from the obligations created by the contractual relationship. *Whigham,* 599 F.2d at 1324.

More importantly, not only do most courts reject the *Plant* court's analysis of counterclaims in TILA cases, every published decision directly addressing the issue in this case

has found that FDCPA lawsuits and lawsuits arising from the underlying contractual debt are *not* compulsory counterclaims. *Peterson v. United Accounts, Inc.,* 638 F.2d 1134, 1137 (8th Cir.1981); *Ayres v. National Credit Management Corp.,* 1991 WL 66845, at *4 (E.D.Pa. April 25, 1991); *Gutshall v. Bailey and Assocs.,* 1991 WL 166963, at *2 (N.D.Ill. February 11, 1991); *Leatherwood v. Universal Business Service Company,* 115 F.R.D. 48, 49 (W.D.N.Y.1987).

The court finds the reasoning in these cases persuasive. As aptly stated by the *Ayres* court:

> Although defendants' right to payment from plaintiff is certainly factually linked to the fairness of defendants' collection practices—there being no attempted collection without an alleged debt—a cause of action on the debt arises out of events different from the cause of action for abuse in collecting. The former centers on evidence regarding the existence of a contract, the failure to perform on a contract, or other circumstances leading to the creation of a valid debt. The latter centers on evidence regarding the improprieties and transgressions, as defined by the FDCPA, in the procedures used to collect the debt, regardless of the debt's validity.

1991 WL 66845, at *1. That is, plaintiff's FDCPA claim relates to the alleged use of abusive debt collection practices, while defendant's counterclaim "encompasses a private duty under state law [requiring] a broad proof of facts establishing the existence and performance of a contract, the validity of the contract's provisions, a breach of the contract by the plaintiff and monetary damages resulting from the breach." *Leatherwood,* 115 F.R.D. at 49. Moreover, plaintiff's FDCPA case turns on the content of defendant's written demand letters, and the validity of the debt itself will not be relevant to plaintiff's case. *See Ayres,* 1991 WL 66845, at *3.

The court thus finds that the FDCPA claim and the claim on the underlying debt raise different legal and factual issues governed by different bodies of law. As such, the court concludes that defendant's state-law counterclaim is not logically related to plaintiff's complaint and is therefore not a

compulsory counterclaim. Accordingly, the court lacks jurisdiction over defendant's counterclaim and will grant plaintiff's motion to dismiss.

IT IS ORDERED granting plaintiff's motion to dismiss counterclaim (doc. 6).