Maribelle **TAYLOR**, Plaintiff,

v.

**BRYANT, INC., d/b/a NEVADA PROFESSIONAL COLLECTION SERVICES, a Nevada corporation,** Defendant.

**No. CV–S–03–0361–LRH(RJJ).**

United States District Court,
D. Nevada.

Aug. 5, 2003.

Mitchell Gliner, Las Vegas, NV, for Plaintiff.

John Wright, Dempsey, Roberts & Smith, Las Vegas, NV, for Defendant.

## ORDER

HICKS, District Judge.

Before the Court is the plaintiff, Maribelle Taylor's Motion to Dismiss Counterclaim for Lack of Jurisdiction and Failure to State a Claim for Relief (# 7), filed June 17, 2003. Ms. Taylor filed a complaint on April 2, 2003, claiming that the Defendant's attempts to collect on an alleged debt charged to Ms. Taylor violated the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §§ 1692, *et seq.*

The Defendant filed an answer and counterclaims (# 3 & 4) on May 27, 2003. The counterclaims charge (1) Breach of Contract; (2) Monies Due and Owing; and (3) Attorneys' Fees. The factual allegations surrounding the counterclaims arise from the underlying debt of which the Defendant claims is owed by Ms. Taylor. The Defendant maintains that this Court has supplemental jurisdiction over the counterclaims pursuant to 28 U.S.C. § 1367.

■ Ms. Taylor argues in her Motion to Dismiss the Counterclaims that the Court lacks supplemental jurisdiction over the counterclaims as they do not arise under federal law and are not compulsory under Fed.R.Civ.P. 13(a). "[F]ederal courts have supplemental jurisdiction over compulsory counterclaims, but permissive counterclaims require their own jurisdictional basis." *See Hart v. Clayton–Parker and Associates, Inc.,* 869 F.Supp. 774, 776 (D.Ariz.1994) (citing 6 Charles Alan Wright, Arthur R. Miller and Mary Kay Kane, *Federal Practice and Procedure,* § 1422 (1989)). Because it is undisputed that there is no independent basis for fed-

eral jurisdiction over Defendant's counterclaims, the issue revolves around whether the Defendant's counterclaims are compulsory or permissive in nature.

■ In *Hart,* the district court for the District of Arizona entertained an identical case and found that "every published decision directly addressing the issue in this case has found that FDCPA lawsuits and lawsuits arising from the underlying contractual debt are *not* compulsory counterclaims." *Hart,* 869 F.Supp. at 777 (emphasis in the original) (citing cases). The court went on to explain the reasoning for finding the claims permissive, stating that "plaintiff's FDCPA claim relates to the alleged use of abusive debt collection practices, while defendant's counterclaim 'encompasses a private duty under state law [requiring] a broad proof of facts establishing the existence and performance of a contract, the validity of the contract's provisions, a breach of the contract by the plaintiff and monetary damages resulting from the breach.'" *Id.* (quoting *Leatherwood v. Universal Business Service Co.,* 115 F.R.D. 48, 49 (W.D.N.Y.1987)). This Court agrees with the district court's reasoning, and concludes that Ms. Taylor's motion to dismiss is well taken.

IT IS THEREFORE ORDERED that Maribelle Taylor's Motion to Dismiss Counterclaim for Lack of Jurisdiction and Failure to State a Claim for Relief (# 7), filed June 17, 2003, is GRANTED.