Ivan MARTIN, Plaintiff,

v.

LAW OFFICES OF JOHN F. EDWARDS and Reliable Recovery Services, Defendants.

Kent Williams dba Reliable Recovery Services, Counterclaimant,

v.

Ivan Martin, Counterdefendant.

Civil No. 09cv0177 JAH(POR).

United States District Court, S.D. California.

Oct. 6, 2009.

Joshua Swigart, Hyde and Swigart, San Diego, CA, for Plaintiff.

Franklin J. Love, Law Offices of Franklin J. Love, Covina, CA, for Defendant Reliable Recovery Services.

## ORDER GRANTING PLAINTIFF'S MOTION TO DISMISS DEFENDANT'S COUNTERCLAIM [DOC. # 10]

JOHN A. HOUSTON, District Judge.

### *INTRODUCTION*

Currently pending before this Court is the motion filed by plaintiff and counterdefendant Ivan Martin ("Martin") to dismiss the counterclaim filed by counterclaimant Kent Williams dba Reliable Recovery Services ("Reliable") for lack of subject matter jurisdiction pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure. The motion has been fully briefed by the parties. After a careful consideration of the pleadings and relevant exhibits submitted by the parties, and for the reasons set forth below, this Court GRANTS Martin's motion and DISMISSES Reliable's counterclaim without prejudice.

### *BACKGROUND*

Martin alleges, in his complaint, that he incurred a debt, as defined in 15 U.S.C. § 1629a(5), before January 1, 2006, but fell behind in his payments on this debt. Sometime before January 1, 2008, the debt was assigned to Reliable for collection. The com-

plaint alleges that a representative of Reliable made various telephone calls to Martin's employers and supervisors over two days, requesting to speak with Martin about an "important legal matter." Compl. ¶ 24. The next day, Martin alleges he contacted Reliable by telephone to request they refrain from contacting him at his place of employment but was informed by an "unidentified collection representative" that "'you better F* *[ ]ing pay or we are going to f* *[ ]ing (sic) hunt you down.'" *Id.* ¶ 27. The complaint further alleges that Reliable failed to provide the requisite notification regarding the debt and communicated in writing with Martin after having been directed to cease communication. *Id.* ¶¶ 29, 33. The complaint alleges these acts and omissions violated the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §§ 1692, *et seq.*, and the Rosenthal Fair Debt Collection Practices Act ("RFDCPA"), Cal. Civ.Code §§ 1788–1788.32. *Id.* ¶¶ 36–37, 39–40.

On April 6, 2009, Reliable filed an answer to the complaint and a separate counterclaim for breach of contract as to the underlying debt that spawned the acts complained of herein. *See* Docs. # 6, 7. Martin, on April 21, 2009, filed the instant motion to dismiss the counterclaim. Doc. # 10. Reliable filed an opposition to the motion on April 27, 2009 and Martin filed a reply brief on June 8, 2009. Docs. # 12, 16. This Court subsequently took the motion under submission without oral argument. *See* CivLR 7.1(d.1).

## DISCUSSION

### 1. Legal Standard

■ 28 U.S.C. § 1367 governs counterclaims and provides that:

in any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.

28 U.S.C. § 1367(a). Counterclaims are also governed by Rule 13 of the Federal of Rules of Civil Procedure, which categorizes counterclaims as either compulsory or permissive. *See* Fed.R.Civ.P. 13. A compulsory counterclaim is one that "arises out of the transaction or occurrence that is the subject matter of the opposing party's claims." Fed. R.Civ.P. 13(a)(1)(A). The Ninth Circuit applies a "logical relationship test" to determine whether a counterclaim is compulsory. *See Pochiro v. Prudential Ins. Co. of Amer.,* 827 F.2d 1246. 1249 (9th Cir.1987). The logical relationship test which requires the Court to "analyze whether the essential facts of the various claims are so logically connected that considerations of judicial economy and fairness dictate that all the issues be resolved in one lawsuit." *Id.* Failure to bring a compulsory counterclaim bars a later assertion of that claim. Fed.R.Civ.P. 13(a): *Sams v. Beech Aircraft,* 625 F.2d 273, 276 n. 4 (9th Cir.1980). Federal courts traditionally have supplemental jurisdiction over compulsory counterclaims because plaintiff would otherwise lose the opportunity to be heard on that claim. *See Baker v. Gold Seal Liquors,* 417 U.S. 467, 469 n. 1, 94 S.Ct. 2504, 41 L.Ed.2d 243 (1974).

■ Permissive counterclaims encompass "any claim that is not compulsory" or does not "arise out of the transaction or occurrence that is the subject matter of the opposing party's claim." Fed.R.Civ.P. 13(b). Permissive counterclaims require an independent basis for subject matter jurisdiction. *See Otsuka v. Polo Ralph Lauren Corp.,* 2008 WL 2037621 * 3 (N.D.Cal.)(citing *Iglesias v. Mutual Life Ins. Co. of New York,* 156 F.3d 237, 241 (1st Cir.1998)): *Sparrow v. Mazda American Credit,* 385 F.Supp.2d 1063, 1070 (E.D.Cal.2005) (citing *Unique Concepts. Inc. v. Manuel,* 930 F.2d 573, 574 (7th Cir.1991)). When there is no independent basis for jurisdiction over a permissive counterclaim, the Court may still exercise supplemental jurisdiction over such claims if they are "so related to the claims in the action ... that they form part of the same case or controversy." 28 U.S.C. § 1367(a). The Court may decline to exercise supplemental jurisdiction over a permissive counterclaim if (1) the counterclaim raises a novel or complex issue of state law; (2) the counterclaim substantially predominates over the original claims; (3) the original claims have

been dismissed; or (4) where there are exceptional circumstances or other compelling reasons to decline jurisdiction. 28 U.S.C. § 1367(c).

### a. Analysis

"Although the Ninth Circuit has not specifically decided whether a counterclaim for the underlying debt in an FDCPA action is compulsory or permissive, most, if not all of the district courts within the Ninth Circuit ... have determined that such a counterclaim is permissive." *Marlin v. Chase Cardmember Services,* 2009 WL 1405196 *3 (E.D.Cal. 2009); *see Randall v. Nelson & Kennard, LVNV Funding, L.L.C.,* 2009 WL 2710141 *3–4 (D.Ariz.2009); *Koumarian v. Chase Bank USA,* 2008 WL 5120053 (N.D.Cal. 2008); *Witt v. Experian Information Solutions, Inc.,* 2008 WL 2489132 *4 (E.D.Cal. 2008); *Avery v. First Resolution Mgmt. Corp.,* 2007 WL 1560653 (D.Or.2007), *aff'd by* 568 F.3d 1018 (9th Cir.2009); *Moore v. Old Canal Financial Corp.,* 2006 WL 851114 (D.Idaho 2006); *Sparrow,* 385 F.Supp.2d at 1068; *Campos v. Western Dental Services, Inc.,* 404 F.Supp.2d 1164 (N.D.Cal.2005); *Taylor v. Bryant, Inc.,* 275 F.Supp.2d 1305 (D.Nev.2003); *Hart v. Clayton–Parker and Associates, Inc.,* 869 F.Supp. 774, 776 (D.Ariz.1994).

■ After a careful review of the above case authority, this Court agrees with the majority of courts in the Ninth Circuit in finding that the counterclaim here is not a compulsory counterclaim but, instead, is permissive.[1] There does not appear to be any dispute that this counterclaim lacks an independent basis for subject matter jurisdiction. Thus, the only issue to be decided here is whether this Court should exercise supplemental jurisdiction over the permissive counterclaim. *See City of Chicago v. International College of Surgeons,* 522 U.S. 156, 173, 118 S.Ct. 523, 139 L.Ed.2d 525 (1997); 28 U.S.C. § 1367(c).

---

1. Reliable apparently disputes that its counterclaim is permissive, arguing that there is a logical connection between the two matters. *See* Doc. # 12 at 2–3 (citing *Pochiro,* 827 F.2d at 1249). However, because this Court agrees with

■ Martin contends that there are compelling reasons for declining jurisdiction over the counterclaim. *See* Doc. # 10–2 at 8. Martin claims that allowing the instant counterclaim to be brought would have a "chilling effect on plaintiff's federal rights," explaining that, if such a counterclaim is allowed to go forward, it would discourage him, and other such plaintiffs, from filing suit to enforce the provisions of the FDCPA thus undermining Congressional intent in enacting the legislation. *Id.* at 8–9. In addition, Martin contends that the instant counterclaim, which seeks to collect an " 'accelerated balance' of $6,735.11" instead of the original alleged debt of $2,575.00, was filed "merely to intimidate and harass" him, creating a chilling effect on his filing suit. *Id.* at 10 (citing, *inter alia, Sparrow,* 385 F.Supp.2d at 1068).

In opposition, Reliable contends there are "sound policy reasons for this [C]ourt to retain jurisdiction over the counterclaim." Doc. # 12 at 2. Reliable points out that its assertion of a claim for the "nearly $ 10,000.00 debt" plaintiff is alleged to be indebted for promotes its ability to promote a settlement in this case. *Id.* Reliable argues that the rationale set forth in *Ballard v. Equifax Check Services,* 186 F.R.D. 589 (W.D.N.Y.1999), cited by plaintiff in support of his policy arguments, *see* Doc. # 10–2 at 9, is flawed, in that the court inexplicably opines that allowing a creditor to sue in the same FDCPA action filed by the debtor would have a chilling effect but the same suit filed concurrently in state court would not. Doc. # 12 at 2.

This Court finds that exceptional circumstances exist here to decline to exercise supplemental jurisdiction over Reliable's counterclaim. *See, e.g., Sparrow,* 385 F.Supp.2d at 1070–71; *Witt,* 2008 WL 2489132 at *4. In a similar case alleging FDCPA violations with an underlying debt of $4,124.00, a district court in the District of Arizona determined that strong policy reasons exists to decline jurisdiction over the debt collector's counterclaim, noting that:

the majority of Ninth Circuit courts that counterclaims for the debt owed by the plaintiff in an FDCPA case is permissive, Reliable's argument fails.

Accepting jurisdiction ... will increase both the complexity and length of time to resolve Plaintiff's narrow and straightforward FDCPA claim. Although the Counterclaim issue is not novel (a debt allegedly owed), the Court, sitting in Arizona, will be required to determine choice-of-law questions and, if appropriate, apply California law to LVNV Funding's state claim. A California court is better suited to resolve California's state law claims and disputes regarding state law. Declining supplemental jurisdiction also reduces the risk of incorrect application of California law and furthers the principles of comity. Accepting supplemental jurisdiction would also involve this District Court and its limited resources in legal questions of no federal significance [which] may substantially predominate over Plaintiff's FDCPA claim. Finally, considering the purpose of the FDCPA is to give those harmed by an alleged FDCPA violation a remedy against a debt collector regardless of whether the underlying debt is valid, the Court is persuaded to follow the majority of the district courts in the Ninth Circuit [in finding] that strong public policy reasons exist for declining to exercise jurisdiction over LVNV Funding's Counterclaim.

*Randall,* 2009 WL 2710141 at *4 (internal citations omitted). This Court is persuaded by the rationale presented in *Randall,* as well as that presented by the majority of the district courts in the Ninth Circuit that have addressed this issue. *See, e.g., Witt,* 2008 WL 2489132 at *5; *Avery,* 2007 WL 1560653 at *4; *Moore,* 2006 WL 851114 at *4; *Campos,* 404 F.Supp.2d at 1171; *Sparrow,* 385 F.Supp.2d at 1071; *Taylor,* 275 F.Supp.2d at 1307. Therefore, this Court finds that there are strong public policy reasons that compel this Court to decline to exercise supplemental jurisdiction over Reliable's counterclaim. *See* 28 U.S.C. § 1367(c)(4).

### CONCLUSION AND ORDER

Based on the foregoing, IT IS HEREBY ORDERED that:

1. Plaintiff's motion to dismiss defendant's counterclaim [doc. # 10] is **GRANTED** for lack of subject matter jurisdiction pursu-

ant to Rule 12(b)(1) of the Federal Rules of Civil Procedure; and

2. Defendant Reliable Recovery Service's counterclaim is **DISMISSED without prejudice** to refiling in the appropriate court.