**CAMPER & NICHOLSONS, LTD.,**
**Plaintiff,**

**v.**

**The YACHT "FONTAINEBLEAU II", her engines, tackle, apparel, furniture and other appurtenances, Defendant.**

**No. 68–538–Civ.**

United States District Court
S. D. Florida.
Nov. 15, 1968.

Blackwell, Walker & Gray, Miami, Fla., for plaintiff.

Sibley, Giblin, Levenson & Ward, Miami Beach, Fla., for defendant.

## ORDER

FULTON, Chief Judge.

THIS CAUSE came on to be heard upon Plaintiff's suggestion of lack of jurisdiction over the counterclaim of Argosy Ltd. pursuant to Rule 12(h) (3), Federal Rules of Civil Procedure.

The Plaintiff, CAMPER & NICHOLSONS, LTD., a British corporation, brought an in rem action against the Yacht "Fontainebleau II" pursuant to Supplemental Rule E of the Federal Rules of Civil Procedure to enforce a maritime lien for goods and services allegedly furnished to the vessel.

Argosy Ltd., a Bahamian corporation, filed a claim of ownership, an answer, and a counterclaim. The counterclaim alleges that Argosy, through its representatives, entered into negotiations with CAMPER & NICHOLSONS for the purchase of the vessel, that the latter obtained and presented Argosy with what was represented to be a standard 100% A-1 survey of Lloyds of London, which represented the vessel to be a good, seaworthy vessel in good and safe condition, and that Argosy relied to its detriment upon these misrepresentations and were caused to make additional repairs and replacements to the extent of $18,008.57. Succinctly stated, the theory of the counterclaim is misrepresentation in the sale of the yacht.

■ It is a familiar principle of law that a contract for the sale of a vessel is non-maritime in nature and therefore unenforceable in admiralty. The Ada, 250 F. 194 (2nd Cir. 1918); Flota Maritima Browning de Cuba, Sociadad Anonima v. Snobl, 363 F.2d 733 (4th Cir. 1965), cert. den. Republic of Cuba, Banco Para el Comercio Exterior de Cuba v. Flota Maritima Browning de Cuba, 385 U.S. 837, 87 S.Ct. 82, 17 L. Ed.2d 71 (1966), and it has also been held that breach of warranty in the sale of a vessel did not state a cause of action within the admiralty jurisdiction of the court. Grand Banks Fishing Co. v. Styron, 114 F.Supp. 1 (S.D. Me.1953). Similarly, an action for fraud or misrepresentation in inducing the making of a charter party has been found to be non-maritime, 1 Benedict on Admiralty § 67; Luckenbach S.S. Co. v. Gano Moore Co., 298 F. 343 (S.D. N.Y.1923).

■ Consequently, it cannot be said that the Argosy's counterclaim is maritime in nature. Argosy argues, however, that as a result of the merger of the Federal Rules of Civil Procedure and the Admiralty rules, the counterclaim can be asserted pursuant to Rule 13 of the Federal Rules of Civil Procedure. The counterclaim is not compulsory in that it does not appear to arise out of the same transaction or occurrence that is the subject matter of the original claim. Rule 13(a), Federal Rules of Civil Procedure. The counterclaim allegedly arose out of misrepresentations in the sale of the yacht, which apparently antedated and was unconnected with the furnishing of goods and services to the vessel which is the basis of the plaintiff's *in rem* action.

■ The question then remains as to whether Argosy can maintain its claim as a permissive counterclaim, Rule 13 (b), Federal Rules of Civil Procedure. For this Court to entertain the counterclaim as a permissive counterclaim, it must be supported by independent jurisdictional grounds.

"All authorities thus agree that a compulsory counterclaim requires no independent jurisdictional grounds, and may be entertained under the ancillary jurisdiction of the court. It has been argued that permissive counterclaims, also, are within the ancillary jurisdiction, but the courts have not accepted this argument. *Instead it is now well established that a permissive counterclaim must be supported by independent grounds of fed-*

*eral jurisdiction.* 1A Barron & Holtzoff, Federal Practice and Procedure, § 392 and cases cited therein. (Emphasis added).

█ It was concluded above that the counterclaim was not within the admiralty jurisdiction of the court; therefore, if it is to survive, it would have to be on the basis of diversity of citizenship, 28 U.S.C. § 1332. In this regard the jurisdictional amount is satisfied, but the citizenship requirement is not. Both the counterplaintiff and the counterdefendant are aliens. The former (Argosy) is a Bahamian corporation and the latter (Camper & Nicholsons) is a British corporation. While the statute, 28 U.S.C. § 1332, permits actions between an alien and a citizen of one of the states, it does not permit actions between two aliens in the absence of some other federal jurisdictional basis. 1 Barron & Holtzoff, supra, § 26; 1 Moore, Federal Practice, ¶0.60 [8.4]; Mossman v. Higginson, 4 Dall. 12, 4 U.S. 12, 1 L.Ed. 720 (1800); Montalet v. Murray, 4 Cranch 46, 8 U.S. 46, 2 L.Ed. 545 (1807). It follows that Argosy cannot assert its claim as a permissive counterclaim for want of independent jurisdictional grounds.

On the basis of the foregoing, it is

Ordered and adjudged that the counterclaim be and the same is hereby dismissed for lack of jurisdiction.