**INDUSTRIAL EQUIPMENT AND MARINE SERVICES, INC.**

v.

**M/V MR. GUS, her Engines, Machinery, Nets, Tackle, and Apparel, in rem, and Perry F. Smith, Jr., her owner, in personam**

v.

**INTERNATIONAL HARVESTER COMPANY.**

Civ. A. No. 70-C-93.

United States District Court, S. D. Texas, Corpus Christi Division.

Aug. 23, 1971.

Wm. L. Ellis, Aransas, Pass, Tex., for Industrial Equipment and Marine Services, Inc.

Douglas Tinker, Corpus Christi, Tex., for Mr. Gus, etc. and Mr. Perry F. Smith, Jr.,

James P. Ryan, Corpus Christi, Tex., for International Harvester Company.

## MEMORANDUM AND ORDER

OWEN D. COX, District Judge.

Industrial Equipment and · Marine Services, Inc., has sued here to enforce, in rem, a preferred ship mortgage dated August 15, 1967, against M/V MR. GUS. It was properly brought in admiralty under Rule 9(h). Detroit Trust Co. v. The Thomas Barlum, 293 U.S. 21, 55 S.Ct. 31, 79 L.Ed. 176. The indebtedness secured by such vessel was evidenced by a promissory note of even date with said mortgage and executed by Defendant Smith in the face amount of $70,000.00. The petition alleges default in the payment of such indebtedness and that all requirements necessary to make the mortgage preferred and a first lien had been complied with and there is no controversy about this.

The promissory note and the preferred ship mortgage had been assigned by Plaintiff to C.I.T. Corporation immediately after execution and delivery, and, on March 10, 1970, said note and mortgage were reassigned to this Plaintiff. As of the date of the reassignment, the balance due on said note and mortgage, principal and interest, was the sum of $32,527.14; said indebtedness continuing to bear interest at the rate of $9.05 per day. In addition, Plaintiff sues for reimbursement of insurance premiums advanced in the amount of $728.02, and for attorney's fees as provided for in the note and mortgage.

Plaintiff also sued Perry F. Smith, Jr., in personam, for any deficiency that remains due the Plaintiff after applying the proceeds of the sale of the vessel to its judgment against the motor vessel MR. GUS. A monition was issued out of this Court against MR. GUS, etc., and thereafter various creditors of the vessel filed their claims. The sale of the vessel for a consideration of $27,-500.00 was confirmed.

■ The answer filed by the Defendant Smith did not allege any defense to the Plaintiff's suit. There was, however, under the same cover, a pleading designated as a "setoff and counterclaim," alleging that Defendant Smith purchased the vessel from Plaintiff and it was not fit for general use in fishing the waters of the Gulf Coast; that, because of such unfitness, the express and implied warranties made to Defendant Smith by the Plaintiff in connection with the sale of the vessel were breached; and that Defendant Smith's inability to fish and earn money and pay off the note resulted in his damage in the amount of $50,000.00. Defendant Smith also prays this cause be "set for trial before a jury," which this Court considers to be a jury demand. If there is still a distinction between a "setoff" and other counterclaims, the claim of Defendant Smith, not being liquidated or capable of liquidation, does not constitute a set off. Marks v. Spitz, 4 F.R.D. 348 (1945).

Here it is important to note that the allegations of such counterclaim present the first indication that Defendant Smith bought the vessel from the Plaintiff. The Plaintiff's cause of action is not based on allegations concerning the sale of the vessel, and its complaint does not refer to it.

Industrial Equipment answered the counterclaim of Defendant Smith and at the same time filed a pleading designated as a third-party complaint against Third Party Defendant International Harvester Company. Although Plaintiff did not object in any way to the counterclaim of Defendant Smith, it is necessary for the Court to consider whether it constitutes a proper pleading as a prelude to any discussion concerning the motion of the Third Party Defendant to strike Plaintiff's second amended third-party complaint.

■ Assuming there can be a non-maritime compulsory counterclaim in an admiralty case, the status of the counterclaim under Rule 13, Federal Rules of Civil Procedure, whether it is compulsory, depends on the pleadings in this case; that is, whether the counterclaim is compulsory must depend on its relation to the subject matter of the claim sued upon by Plaintiff, as alleged in its complaint. Lawhorn v. Atlantic Refining Company, 5 Cir., 299 F.2d 353, 356 (1962).

■■ The counterclaim appears from the pleadings of Defendant Smith to arise out of a transaction involving the sale of the M/V MR. GUS by Plaintiff to Defendant Smith. The damages sustained by Defendant Smith resulted, as alleged in his counterclaim, from the breach by Industrial Equipment of implied and express warranties as to the fitness of the vessel. The controversy over the breach or lack of breach of warranties by Plaintiff is not maritime in nature and the counterclaim does not state a cause of action within the admiralty jurisdiction of this Court. Grand Banks Fishing Co., Inc., v. Styron, 114 F.Supp. 1 (1953). This alone appears to be a reason for concluding the counterclaim cannot be compulsory. Moreover, even if the admiralty court might otherwise have pendent jurisdiction, we conclude the counterclaim is not a part of the transaction or occurrence arising out of the subject matter of Plaintiff's suit.

The Court recognizes that it may meet with some resistance to this conclusion. In the case of United Fruit Co. v. Standard Fruit and Steamship Co., U.S.D.C., Mass., 282 F.Supp. 338, on page 339, the Court quotes Professor Moore as saying,

"Courts should give the phrase 'transaction or occurrence that is the subject matter' of the suit a broad realistic interpretation in the interest of avoiding a multiplicity of suits." 3 Moore, § 13.-13. The District Judge then said, "Accordingly, a 'transaction' which is the foundation of a plaintiff's claim is not limited to the facts therein set forth, but includes any logically related acts and conduct of the parties." This pronouncement may be subject to an interpretation which would result in expanding the subject matter of the Plaintiff's claim in this suit beyond the promissory note and preferred ship mortgage to include the sale of the vessel.

However, if a nonadmiralty counterclaim is cognizable here, we are inclined to apply the tests which are suggested in Federal Practice and Procedure, Wright & Miller, § 1410 (Rule 13), page 42. The first test asks if the issues of fact and law raised by the claim and the counterclaim are largely the same. The answer here is obviously "No." Proof of the promissory note, the preferred ship mortgage, and default, no defense having been pleaded, would not be, in any way, pertinent facts in establishing Defendant Smith's counterclaim. The next test concerns res judicata. Certainly, if Defendant Smith had not pleaded his counterclaim herein, no part of his cause of action would be decided by this Court in granting judgment for Plaintiff on the promissory note and for foreclosure of the said mortgage, and thus Defendant Smith would not be precluded from pursuing his claim for breach of warranty in a separate action. The third test is much like the first, that is, will the same evidence support or refute Plaintiff's claim as well as Defendant Smith's counterclaim? The answers to the first two tests also answer the question raised in this one, without further discussion.

The last test is broader. It calls for this Court to determine if there is a logical relationship between Plaintiff's claim for recovery on his note and mortgage and Defendant Smith's alleged claim for damages caused by a breach of some warranty as to the seaworthiness of the vessel which he purchased. The "logical relationship" criterion supposes inferences which can reasonably be drawn from the existing circumstances, and the Court is mindful that if the Plaintiff's cause of action was based upon the contract originally made between the Defendant Smith and Plaintiff, the counterclaim, if it states any cause of action, which the Court doubts, would come within the fourth test. But, the suit is on a promissory note and a preferred ship mortgage to which there is no defense. Logically, there is no relationship between Plaintiff's cause of action and the counterclaim. Thus, the Court concludes the counterclaim is not compulsory under Rule 13.

■ Since the Court has determined the Defendant Smith's counterclaim is not compulsory, it must, under Rule 13, be a permissive one. Federal Practice and Procedure, Wright & Miller, § 1420, page 116. Progressivley, the Court now must decide if it can entertain the permissive counterclaim in this suit, and, if so, under what circumstances. The original suit, as has been mentioned before, brought in admiralty under Rule 9(h), was in rem against MR. GUS and in personam against Defendant Smith. The counterclaim, based upon a transaction involving the sale of a vessel, is not in admiralty, but is in personam against Plaintiff. There is, however, diversity of citizenship jurisdiction between Plaintiff and Defendant Smith, and the amount claimed is within the jurisdictional requirement. These independent jurisdictional grounds are sufficient so the Court may retain the counterclaim. Camper & Nicholsons, Ltd., v. Yacht "Fontainbleau II", 292 F.Supp. 734 (1968), S.D.Fla. As further support, we cite Stern, Hays & Lang, Inc., v. M/V Nili, Sai, 5 Cir., 407 F.2d 549 (1969).

■ The third-party complaint filed by Plaintiff against International Harvester alleged that it designed and manufactured the marine engine which was installed in the M/V MR. GUS, and further contended that if Defendant Smith was damaged, it was because the engine malfunctioned, and the fault, if any, was with such Third Party Defendant. The Plaintiff has amended, with permission, its third-party complaint on two occasions, and the Third Party Defendant International Harvester Company has now filed its motion to strike the Third Party's second amended complaint, and, alternatively, to sever such action. Since the counterclaim is to remain with us, so must the third-party action, unless convenience and justice will best be served by granting a severance. The Court, rather than trying the permissive counterclaim and the third-party action all together in this case, has concluded to grant a severance thereof.

It is, therefore, ordered that the counterclaim of Defendant Perry F. Smith, Jr., and the Plaintiff's third-party action should be, and they are hereby, severed from this action and properly docketed under C.A. No. 70–C–93–A. Counsel for Defendant Perry F. Smith, Jr., shall have twenty (20) days in which to replead his complaint against Industrial Equipment and Marine Services, Inc., which shall, in turn, have twenty (20) days in which to file an answer to the complaint of Perry F. Smith, Jr., and, if he desires to do so, to replead its third-party action against Third Party Defendant International Harvester Company. Said Third Party Defendant shall answer any repleaded third-party action within twenty (20) days after receipt of a copy thereof. Counsel for Plaintiff shall immediately move for default in this cause, giving proper notice of said motion. The clerk will furnish counsel with a copy of this Memorandum and Order.