CROSBY YACHT YARD, INC., Plaintiff

v.

YACHT "CHARDONNAY", her engine tackle, etc., Defendant.

Stuart BORNSTEIN, Intervening Plaintiff

v.

CROSBY YACHT YARD, INC., Defendant.

Civ. A. No. 93–10626–RWZ.

United States District Court, D. Massachusetts.

Nov. 14, 1994.

John W. Spillane, Worcester, MA, for Crosby Yacht Yard, Inc.

Leonard Rose, East Falmouth, MA, for Stuart Bornstein, Yacht "Chardonnay".

*MEMORANDUM AND ORDER ON CROSBY YACHT YARD, INC.'S MOTION TO DISMISS INTERVENOR'S COMPLAINT (# 48)*

COLLINGS, United States Magistrate Judge.

## I. *INTRODUCTION*

This case was commenced by plaintiff, Crosby Yacht Yard, Inc. ("Crosby") as an action *in rem* against the Yacht "Chardon-

nay", etc., to recover the value of work, labor, materials and services in connection with repairs to the "Chardonnay" to correct damage done by Hurricane Bob. On May 26, 1993, over the objection of Crosby, the undersigned [1] granted leave to Stuart Bornstein ("Bornstein"), the owner of the vessel, to intervene and to file a pleading entitled "Intervenor's Complaint" (# 21) asserting claims under M.G.L. c. 93A, § 9. On November 1, 1993, Crosby filed a motion to dismiss the intervenor's complaint on the ground that Bornstein had not complied in a timely manner with the demand requirements of Chapter 93A, § 9. No rule of the Federal Rules of Civil Procedure under which dismissal is sought is cited as a basis for the motion, although a fair reading of the motion would suggest that Rule 12(b)(6), Fed.R.Civ.P. ("failure to state a claim upon which relief may be granted") is a likely candidate. In opposing the motion, Bornstein claimed that Crosby's motion to dismiss was untimely, the demand requirements of Chapter 93A, § 9 do not apply to him, and the filing of the motion to dismiss violated Rule 11, Fed.R.Civ.P.

## II. *THE TIMELINESS OF THE MOTION TO DISMISS*

■ In arguing that the motion to dismiss was untimely, Bornstein assumes that the motion was filed pursuant to Rule 12(b), Fed. R.Civ.P. That rule provides, in pertinent part, that any motion seeking dismissal on any grounds listed in Rule 12(b) ". . . shall be made before pleading if a further pleading is permitted." Crosby's responsive pleading was in the form of an answer (# 25) filed on June 23, 1993, and the motion to dismiss was not filed until November 1, 1993. In its answer, Crosby did not explicitly assert as an affirmative defense that the complaint failed to state a claim upon which relief could be granted. However, in its answer, after responding to the numbered allegations of the complaint, Crosby wrote, in pertinent part:

> WHEREFORE, Crosby Yacht Yard, Inc., respectfully requests this Honorable Court to dismiss the Intervenor's Complaint.

Crosby further respectfully requests this Honorable Court as follows:

\*　　\*　　\*　　\*　　\*　　\*

> 5. No Chapter 93A letter, prior to the filing of the Intervenor's Complaint, has been sent by Bornstein to Crosby pursuant to M.G.L. Chapter 93A, Section 9 and accordingly, any demand for deceptive practices in violation of such Chapter or any claim or any complaint violates FRCvP Rule 11.

Verified Answer, # 25 at pp. 5–6.

It is apparent that in seeking dismissal on this ground, Crosby is asserting as a defense that the intervenor's complaint failed to state a claim upon which relief could be granted. In such a circumstance, the defense is preserved pursuant to Rule 12(h)(2), Fed. R.Civ.P. Bornstein's claim that it has been waived is frivolous. In fact, since the issue was raised in the answer, there was no need for Crosby to file any motion to have the matter decided. There appears to be no dispute of material facts; the Court could decide the issue as a matter of law. Alternatively, the Court can construe Crosby's motion as a motion for judgment on the pleadings pursuant to Rule 12(c), Fed.R.Civ.P. The bottom line is that there has been no waiver.

## III. *THE MERITS OF THE MOTION TO DISMISS*

■ The question next becomes whether Bornstein, as intervenor, had to comply with the demand requirements of M.G.L. c. 93A, § 9 before filing the intervenor's complaint. It is undisputed that Bornstein made a demand. However, the demand was not served until twenty-two days **after** the intervenor's complaint was filed, not thirty days **before** filing the complaint as required by the statute.

As in most cases of statutory construction, it is wise to begin with the statute itself. M.G.L. c. 93A, § 9 provides, in pertinent part:

---

**1.** On May 26, 1993, the District Judge to whom this case was originally assigned referred the case to the undersigned for all purposes pursuant to 28 U.S.C. § 636(c) and the consent of the parties.

(1) Any person, other than a person entitled to bring action under section eleven of this chapter, who has been injured by another person's use or employment of any method, act or practice declared to be unlawful by section two or any rule or regulation issued thereunder or any person whose rights are affected by another person violating the provisions of clause (9) of section three of chapter one hundred and seventy-six D may bring an action in the superior court, or in the housing court as provided in section three of chapter one hundred and eighty-five C whether by way of original complaint, counterclaim, cross-claim or third party action, for damages and such equitable relief, including an injunction, as the court deems to be necessary and proper.

\* \* \* \* \* \*

(3) At least thirty days prior to the filing of any such action, a written demand for relief, identifying the claimant and reasonably describing the unfair or deceptive act or practice relied upon and the injury suffered, shall be mailed or delivered to any prospective respondent. Any person receiving such a demand for relief, who, within thirty days of the mailing or delivery of the demand for relief, makes a written tender of settlement which is rejected by the claimant may, in any subsequent action, file the written tender and an affidavit concerning its rejection and thereby limit any recovery to the relief tendered if the court finds that the relief tendered was reasonable in relation to the injury actually suffered by the petitioner. In all other cases, if the court finds for the petitioner, recovery shall be in the amount of actual damages or twenty-five dollars, whichever is greater; or up to three but not less than two times such amount if the court finds that the use of employment of the act or practice was a willful or knowing violation of said section two or that the refusal to grant relief upon demand was made in bad faith with knowledge or reason to know that the act or practice complained of violated said section two. For the purposes of this chapter, the amount of actual damages to be multiplied by the court shall be in the amount of the judgment on all claims arising out of the same and underlying transaction or occurrence, regardless of the existence or nonexistence of insurance coverage available in payment of the claim. In addition, the court shall award such other equitable relief, including an injunction, as it deems to be necessary and proper. **The demand requirements of this paragraph shall not apply if the claim is asserted by way of counterclaim or cross-claim,** or if the prospective respondent does not maintain a place of business or does not keep assets within the commonwealth, but such respondent may otherwise employ the provisions of this section by making a written offer of relief and paying the rejected tender into court as soon as practicable after receiving notice of an action commenced under this section. Notwithstanding any other provision to the contrary, if the court finds any method, act or practice unlawful with regard to any security or any contract of sale of a commodity for future delivery as defined in section two, and if the court finds for the petitioner, recovery shall be in the amount of actual damages.

Emphasis supplied.

The issue is whether Bornstein's claim can be said to have been "asserted by way of counterclaim or cross-claim," in which case the demand requirements would be inapplicable and it would not matter that a demand was filed after the filing of the intervenor's complaint. Bornstein claims it should be so construed; Crosby presumably takes the opposite view.[2]

■ The purpose of the demand requirement is twofold. First, the letter is to facilitate and encourage settlement and damage assessment of a case, *Entrialgo v. Twin City Dodge, Inc.*, 368 Mass. 812, 813, 333 N.E.2d 202, 204 (1975); *Thorpe v. Mutual of Omaha Ins. Co.*, 984 F.2d 541, 544 (1 Cir.1993), and, secondly, to control the amount of damages recoverable by a claimant. *Id.; Spring v. Geriatric Authority of Holyoke*, 394 Mass. 274, 287, 475 N.E.2d 727, 736 (1985).

**2.** Crosby did not file a reply to the opposition to the motion to dismiss.

Bornstein argues that his intervenor's complaint, while not technically a "counterclaim" or "cross-claim" is, for all intents and purposes, the equivalent and should be treated as if it were. He argues that Crosby's complaint asserts an *in rem* claim against the vessel of which he is the owner, and his claim, as owner, is in the "nature" of a counterclaim or cross-claim to Crosby's claim against his vessel. Indeed, if Crosby had also chosen to assert an *in personam* claim against Bornstein as owner of the vessel, Bornstein could have raised the identical claims which are contained in his intervenor's complaint explicitly in a document entitled "counterclaim."

■ Bornstein, however, does not cite any supporting authority whatsoever for the proposition that his intervenor's complaint is to be deemed a "counterclaim" as the term is specifically used in the statute, and there is, in fact, no law directly on this issue. There is, however, case law to support the proposition that a claim brought by an intervenor against an existing party in the case is either a counterclaim or a cross-claim. *Index Fund, Inc. v. Hagopian,* 91 F.R.D 599, 603 (S.D.N.Y., 1981) (although counterclaim normally asserted by a defendant, it can be asserted by plaintiff in a reply, or by defendant intervenor). The reason for this result is that Rule 13(a), Fed.R.Civ.P., allows a counterclaim to be pleaded by a "pleader," which would include a person bringing a complaint in intervention. Thus, as long as intervention has not been conditioned to provide otherwise, an intervenor has the right to bring a counterclaim or a cross-claim against an existing party. The point is made by the author of one treatise who concludes that "[i]f general intervention has been allowed, however, it is reasonably clear that the intervenor has the same right to **counterclaim** or

cross-claim as an original party." 3B Moore's Federal Practice, ¶ 24.17[1] (emphasis added). *See also Jackman v. Calvert–Distillers Corp.* 306 Mass. 423, 424, 28 N.E.2d 430, 431 (1940); *Cameron v. Board of Appeals of Yarmouth,* 23 Mass.App.Ct. 144, 146, 499 N.E.2d 847, 849 (1986); *Zelman v. Killion,* 337 Mass. 666, 667, 151 N.E.2d 486, 487 (1958).

In the present case, Crosby filed the complaint *in rem* against the vessel "Chardonnay" seeking reimbursement for the value of repair, labor, service and materials to the boat which were allegedly incurred as a result of an agreement with Bornstein. Bornstein's motion for leave to intervene (# 15) sought intervention for the purpose of bringing a claim against the plaintiff, Crosby. Intervention was allowed pursuant to Rule 24, Fed.R.Civ.P. and was not subject to any conditions. Thus, Bornstein's claim against Crosby contained in the intervenor's complaint is a "counterclaim" brought pursuant to Rule 13(a), Fed.R.Civ.P.

The bottom line is that because his claim is made by way of a counterclaim, Bornstein falls squarely within the exception found in M.G.L. c. 93A, § 9(3) which provides that the demand requirements do not apply to a "claim asserted by way of counterclaim ...".

## IV. *ORDER*

Accordingly, it is ORDERED that Crosby Yacht Yard, Inc.'s Motion to Dismiss Intervenor's Complaint (# 48) be, and the same hereby is, DENIED.[3]

---

**3.** Even though without merit, I do not find that Crosby's motion violates Rule 11, Fed.R.Civ.P.