**CROSBY YACHT YARD, INC., Plaintiff,**

v.

**YACHT "CHARDONNAY", her engine tackle, etc., Defendant.**

**Stuart BORNSTEIN, Intervening Plaintiff,**

v.

**CROSBY YACHT YARD, INC., Defendant.**

Civil Action No. 93–10626–RWZ.

United States District Court, D. Massachusetts.

Jan. 11, 1996.

John W. Spillane, Worcester, MA, for Crosby Yacht Yard, Inc.

Leonard Rose, East Falmouth, MA, Gregory M. Silverman, Falmounth, MA, for Stuart Bornstein.

Leonard Rose, East Falmouth, MA, for Yacht "Chardonnay".

### MEMORANDUM AND ORDER ON MOTION TO RECONSIDER THE COURT'S MEMORANDUM AND ORDER ON CROSBY YACHT YARD, INC.'S MOTION TO DISMISS INTERVENOR'S COMPLAINT (# 132, filed 12/8/94)

COLLINGS, United States Magistrate Judge.

### I. BACKGROUND

This case began as an action *in rem* brought by plaintiff Crosby Yacht Yard, Inc.[1] against the defendant vessel, Yacht "Chardonnay,"[2] to recover moneys allegedly owed for repair of damages to the vessel which occurred as a result of Hurricane Bob in 1991. The *in rem* claim was brought to enforce a maritime lien established under Title 46 U.S.C. § 31342 pursuant to Rule C of Supplemental Rules for Certain Admiralty and Maritime Claims, Fed.R.Civ.P.[3]

Upon the filing of the action, the Chardonnay was arrested by the United States Marshal, and subsequently, Stuart Bornstein,[4] the vessel's owner and claimant in the action, filed a motion under Supplemental Rule E(4)(f) for a hearing and release of the vessel. On May 24, 1993, Judge Zobel, the judge to whom the case was then assigned,[5] ordered the release of the vessel contingent upon the posting of a cash bond in the amount of $30,000. At the same time, over objection of Crosby, Bornstein was granted leave to intervene and to file an intervenor's complaint against Crosby pursuant to Rule 24, Fed.R.Civ.P. Bornstein's complaint alleged that Crosby was liable to him for wrongful deprivation of the use of his vessel and failure to correct the defects, all in violation of M.G.L. Chapter 93A, § 9. On June 23, 1993, Crosby filed a verified answer to Bornstein's complaint.

### II. THE MOTION TO DISMISS

Crosby moved to dismiss Bornstein's complaint on November 1, 1993. The Court denied the motion in an opinion, *Crosby Yacht Yard, Inc. v. Yacht "Chardonnay,"* 159 F.R.D. 1 (D.Mass., 1994). The motion to dismiss was based on the fact that Bornstein failed to file a demand letter in a timely fashion as required by Chapter 93A, § 9(3), and, therefore, the complaint failed to state a cause of action. In its opinion, the Court held that although the motion to dismiss was not untimely, it was without merit. Bornstein's complaint was not deficient with respect to the failure to plead compliance with the demand requirements of Chapter 93A, § 9(3) because the claim was "asserted by way of counterclaim or crossclaim" and was therefore exempt from the requirement of a demand letter under the plain language of section 9(3).

### II. THE MOTION TO RECONSIDER

Subsequent to the Court's decision, Crosby filed a Motion to Reconsider the Memorandum and Order, Etc. (# 132). The Court permitted further briefs to be filed, and the motion is now ripe for decision.

#### A. Preliminary Matters
##### (1) Asserted Deficiencies in the Motion to Reconsider

■ Bornstein opposes the motion to reconsider on the basis that Crosby's motion raises new grounds for dismissal not previously discussed or contained in any briefs

---

1. Hereinafter, "Crosby".

2. Hereinafter, "Chardonnay".

3. Hereinafter, "Supplemental Rules".

4. Hereinafter, "Bornstein".

5. On May 26, 1993, Judge Zobel referred the case to the undersigned for all purposes pursuant to 28 U.S.C. § 636(c) and the consent of the parties.

and not raised in the answer. With regard to these new issues, Bornstein's point is well taken. The Court's prior decision denying the motion to dismiss was based on the finding that the motion was not untimely since the defense regarding the demand letter requirement was in fact raised in Crosby's answer, and thus the question was either a matter of law based on undisputed facts, or alternatively, was treated as a motion for judgment on the pleadings under Rule 12(c), Fed.R.Civ.P. The Court also found that there was no waiver of the defense. *Crosby Yacht Yard, Inc.,* 159 F.R.D. at 2.

However, these conclusions do not give Crosby a license to raise, in the guise of a motion to reconsider, new grounds in support of the motion to dismiss. Accordingly, Crosby's assertion that Bornstein did not comply with various procedural rules such as failing to file a verified claim pursuant to Supplemental Rule C(6), Fed.R.Civ.P., and failing to file interrogatories in a timely manner, are not properly the subject of a motion to reconsider. Similarly, Crosby's assertion that Bornstein cannot maintain a Chapter 93A action since the Chardonnay is not a "person" under section 1 of Chapter 93A was not raised in the motion to dismiss and, therefore, is not a proper basis upon which to ask the Court to reconsider its ruling on that motion.

### 2. Improper Attempt to Relitigate the Allowance of the Motion to Intervene

■ To the extent that Crosby attacks Judge Zobel's allowance of Bornstein's motion to intervene, the motion to reconsider is improper. Thus, for example, Crosby's contention that Supplemental Rule C(1)–(6), Fed.R.Civ.P., does not provide for intervention or authorize the filing of a separate complaint in intervention need not be considered. The same holds true with respect to Crosby's contention that Bornstein's motion to intervene and file a complaint was too general and did not indicate that the complaint would contain a claim under Chapter 93A.

### 3. The Challenge to the Court's Subject Matter Jurisdiction over the Intervenor's Complaint

In the motion to reconsider, Crosby raises for the first time the issue of whether the Court has jurisdiction over the subject matter of Bornstein's complaint. In a nutshell, Crosby's argument is that it had the exclusive right to bring the original action *in rem* naming the vessel as defendant rather than as an *in personam* action naming Bornstein as defendant. Thus, Crosby argues that Bornstein had no right to bring any type of affirmative claim *in personam* against it in the instant case. This is a challenge to the Court's subject matter jurisdiction over Bornstein's claim and can be raised at any time. *See* Rule 12(h)(3), Fed.R.Civ.P. It has not been waived and will be considered in subsection C of the within memorandum, *infra*.

### B. The Demand Requirement of Chapter 93A, § 9(3)

As noted previously, the prior decision by this Court focused primarily on the issue of whether Bornstein's failure to send a demand letter in accordance with the requirement of Chapter 93A, § 9 served as a bar to the claim. Apart from raising new issues of whether any claim or counterclaim can be asserted by Bornstein in an *in rem* action, the motion for reconsideration and the supporting papers do not contain any additional legal argument or case citations which would, in any way, indicate that the Court's conclusion was erroneous. The supporting papers merely reiterate Crosby's position that the statutory language of Chapter 93A, § 9(3) must be strictly construed. Crosby contends that the statute does not explicitly embrace a claim by an intervenor in an *in rem* action, and thus, if the Legislature had intended to include such an intervenor's complaint or claim as an exception to the demand letter requirement, it would have specifically stated so. To the extent that the issue hinges on whether an intervenor's complaint is asserted by way of a "counterclaim", this Court stands by its previous analysis and order.

## C. Subject Matter Jurisdiction over Bornstein's Complaint

It seems clear that Bornstein's complaint should be judged as a "counterclaim" under Rule 13, Fed.R.Civ.P. This conclusion is implicit in the plain wording of Rule E(7) of the Supplemental Rules, which provides in pertinent part:

(7) **Security on Counterclaim.** Whenever there is asserted a counterclaim arising out of the same transaction or occurrence with respect to which the action was originally filed, and the defendant *or claimant* in the original action has given security to respond in damages, any plaintiff for whose benefit such security has been given shall give security in the usual amount and form to respond in damages to the claims set forth *in such counterclaim,* unless the court, for cause shown, shall otherwise direct; and proceedings on the original action shall be stayed until such security is given, unless the court otherwise directs.

Emphasis supplied.

It is also supported by the merger of the rules of procedure in the admiralty and civil jurisdictions in 1966 which had the effect of, at least to some extent, making Rule 13, Fed.R.Civ.P., applicable to suits in admiralty. *Leather's Best, Inc. v. S.S. Mormaclynx,* 451 F.2d 800, 810–11 & n. 11 (2 Cir., 1971); *Alaska Barite Co. v. Freighters Inc.,* 54 F.R.D. 192, 195–6 (N.D.Cal., 1972).[6]

Crosby's argument is that it elected to bring an *in rem* action against the vessel and did not choose to sue Bornstein *in personam.* Therefore, Bornstein's claim is a counterclaim over which the Court has no independent basis of jurisdiction. Bornstein did not have to bring the counterclaim when he intervened as boat owner. Rule 13(a), Fed. R.Civ.P., provides:

(a) **Compulsory Counterclaims.** A pleading shall state as a counterclaim any claim which at the time of serving the pleading the pleader has against any opposing party, if it arises out of the transaction or occurrence that is the subject matter of the opposing party's claim and does not require for its adjudication the presence of third parties of whom the court cannot acquire jurisdiction. But the pleader need not state the claim if ... (2) the opposing party brought suit upon the claim by attachment or other process by which the court did not acquire jurisdiction to render a personal judgment on that claim, and the pleader is not stating any counterclaim under this Rule 13.

Crosby points out that since Crosby "... brought suit upon the claim by attachment or other process by which the court did not acquire jurisdiction to render a personal judgment on that claim ...", Bornstein was not compelled to bring the counterclaim, and thus the counterclaim was not compulsory. There is Supreme Court dicta which supports this view. In the case of *Baker v. Gold Seal Liquors, Inc.,* 417 U.S. 467, 94 S.Ct. 2504, 41 L.Ed.2d 243 (1974), the Court, in discussing Rule 13(a), Fed.R.Civ.P., wrote: "The claim is not compulsory ... if the other party brought his suit by attachment or other process not resulting in personal jurisdiction but only *in rem* or *quasi in rem* jurisdiction." *Id.* at 469, n. 1, 94 S.Ct. at 2506, n. 1.

▪ Crosby then argues that if the counterclaim is not compulsory, it is permissive, and it is hornbook law that a permissive counterclaim requires an independent basis of federal jurisdiction which is not present here. *Unique Concepts, Inc. v. Manuel,* 930 F.2d 573, 574–75 (7 Cir., 1991), *rehearing denied and affirmed,* 937 F.2d 622 (Fed.Cir., 1991); *Shamblin v. City of Colchester,* 793 F.Supp. 831, 833 (C.D.Ill., 1992); *Hart v. Clayton–Parker & Assoc.,* 869 F.Supp. 774, 775–776 (D.Ariz., 1994).

▪ Prior to December 1, 1990 and the passage of 28 U.S.C. § 1367, Crosby's argument might have had some force. In most of the reported cases, a person such as Bornstein was able to intervene in an *in rem* proceeding not only to defend plaintiff's claims but also to assert a counterclaim of his own only where there was an independent

---

**6.** In fact, the plain terms of Rule E(7) of the Supplemental Rules lends considerable support to the Court's conclusion in its prior Memorandum and Order that Bornstein's claim is, in fact, a counterclaim.

basis for federal jurisdiction over the counterclaim. *Titan Navigation, Inc. v. Timsco, Inc.,* 808 F.2d 400, 402 (5 Cir., 1987); *Industrial Equipment and Marine Services, Inc. v. M/V Mr. Gus,* 333 F.Supp. 578, 580 (S.D.Tex., 1971). Some courts avoided deciding the question of whether a non-admiralty counterclaim could be asserted in an *in rem* proceeding but determined that the type of counterclaims asserted were not ones for which countersecurity would be required under Supplemental Rule E(7). *See, e.g., Incas and Monterey Printing and Packaging, Ltd. v. M/V Sang Jin,* 747 F.2d 958, 965 (5 Cir., 1984), *cert. denied sub nom. Van Weelde Brothers Shipping Ltd. v. I.N.C.A.S.,* 471 U.S. 1117, 105 S.Ct. 2361, 86 L.Ed.2d 261 (1985). In others, plaintiff had sued the vessel *in rem* and the boat owner or charterer *in personam.* In such a situation, the counterclaim would have been judged under the principles of Rule 13(a), Fed.R.Civ.P. It would have been deemed a compulsory counterclaim because jurisdiction had been obtained other than on an *in rem* basis. Where jurisdiction is obtained on an *in personam* basis, the provisions of Rule 13(a)(2), Fed.R.Civ.P., and the Supreme Court's dicta in *Baker,* 417 U.S. at 469, n. 1, 94 S.Ct. at 2506, n. 1 are not applicable. *See, e.g., State Bank & Trust Company of Golden Meadow v. Boat "D.J. Griffin,"* 731 F.Supp. 770 (E.D.La., 1990).

Thus, prior to the enactment of 28 U.S.C. § 1367 in December, 1990, it could be argued that there was no jurisdiction over Bornstein's counterclaim because, under Rule 13(a)(2), Fed.R.Civ.P., it was not compulsory that he bring it in the action. If it were not a compulsory counterclaim, there was no ancillary jurisdiction over it. And if there was no ancillary jurisdiction, there had to be an independent basis for the federal court's jurisdiction over the state-law counterclaim; in Bornstein's case, such independent basis is lacking since the parties are not diverse.

In my view, the provisions of Title 28 U.S.C. § 1367(a) grant a federal court supplemental jurisdiction to hear Bornstein's claim. That statute provides:

Except as provided by subsections (b) and (c) or as expressly provided otherwise by Federal statute, in any civil action of which the district courts have original jurisdiction, the district court shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution. Such supplemental jurisdiction shall include claims that involve the joinder or intervention of additional parties.

First, the instant case is an admiralty case and thus one "of which the district courts have original jurisdiction." Second, under the statute, the Court has supplemental jurisdiction over any claim which is " . . . so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the . . . Constitution." Third, this **includes** claims that involve " . . . the **intervention** of additional parties." (emphasis added).

Thus, the Court has supplemental jurisdiction over the claims contained in the intervenor's complaint filed by Bornstein if those claims are so related that they form part of the same case or controversy. They form part of the same "case or controversy" if both the plaintiff's jurisdiction-invoking claims and the intervenor's claims "derive from a common nucleus of operative fact." *United Mine Workers v. Gibbs,* 383 U.S. 715, 725, 86 S.Ct. 1130, 1138, 16 L.Ed.2d 218 (1966). There can be no doubt that they do in the instant case. Whereas it might have been necessary before the enactment of § 1367 to determine whether Bornstein's counterclaim was compulsory or not, and if not, whether there was ancillary jurisdiction to determine the counterclaim,[7] the Court

---

7. As explained, Bornstein's counterclaim is not compulsory because he was not required to bring it even though it may have met the other requirements of Rule 13(a), Fed.R.Civ.P., i.e., that it arose " . . . out of the transaction or occurrence that is the subject matter of [Crosby's] claim and does not require for its adjudication the presence of third parties over whom the court cannot acquire jurisdiction." On this basis, it would not be a permissive counterclaim either. *See* Rule

need not do so in the instant case. Title 28 U.S.C. § 1367 confers jurisdiction because Crosby's and Bornstein's claims "derive from a common nucleus of operative fact." *United Mine Workers,* 383 U.S. at 725, 86 S.Ct. at 1138.

## IV. CONCLUSION AND ORDER

This Court has subject matter jurisdiction over Bornstein's counterclaim. All other arguments made in the Motion to Reconsider the Court's Memorandum and Order on Crosby Yacht Yard, Inc.'s Motion to Dismiss Intervenor's Complaint (# 132) having been found to be without merit, it is ORDERED that said motion be, and the same hereby is, DENIED.

13(b), Fed.R.Civ.P. Perhaps it might be called a "quasi-compulsory" counterclaim.