No. **SR-CV-025-95**
# District Court of the Navajo Nation
Judicial District of Shiprock, New Mexico

**Singleton's Mobile Home Sales, Inc.,**
**Plaintiff,**
**v.**
**Donald and Helene Crosby,**
**Defendants.**
**Decided September 24, 1997**

## ORDER

Judge Lorene Ferguson presiding.

A hearing was held on October 25, 1995 to determine whether the Motion to Compel Discoveries filed by the Defendants or the Motion for a Protection Order filed by the Plaintiff should be granted.

Plaintiff argues that the Motion to Compel Discoveries should be denied because the Navajo Rules for Repossession of Personal Property does not provide for discoveries and that this Court lacks subject matter jurisdiction and the counterclaim should be dismissed.

Defendants, on the other hand, argue that once a counterclaim is filed and the Court is satisfied that there is a valid claim, the Rules of Civil Procedure comes into play, and that discoveries are permissible. The Defendants/Counterclaimants also argue that this Court has supplemental jurisdiction over the Petitioner/Counterrespondent.

This Court is required to interpret the Navajo Rules of Repossession and the Navajo Rules of Civil Procedure.

### A. Repossession Rules Do Not Preclude Discoveries

The Navajo Tribal Council enacted the repossession laws in Res. No. CF-26-61 (February 07, 1968). It specifically intended to protect Navajo citizens from contractual overreaching and to provide each member an opportunity to have a day in court before their property is taken. *Reservation Business Services v. Albert*, 7 Nav. R. 123 (1995).

The Council declared in Section 2(b) of the 1968 Resolution that the proper remedy for repossession actions is the common law action of replevin. *Reservation Business Services*, 7 Nav. R. at 125. Notwithstanding this, the judges of the Navajo Nation adopted the Repossession Rules at a judicial conference on January 29, 1982. While it has been since 1982 that the judges adopted the Repossession Rules, the judges did not begin to implement the rules they adopted until after the Supreme Court issued its opinion in *Reservation Business Services*, 7 Nav. R. 123.

In *Reservation Business Services*, the Navajo Supreme Court stated the following:

> Replevin is a cumbersome and complex judicial proceeding which is confusing because it is an ancient common law writ. The Navajo Nation judges wanted a middle ground between self-help repossession and the delay of normal civil proceedings. They wanted to assure that consumers would be protected from *repossession on technical grounds*, while offering a prompt and efficient remedy to creditors. The choice reflected in our repossession rules is that there be a summary proceeding for creditors, which *allows due process protection for debtors*. It modified the common law replevin action in a procedure which permits a petition, an order to show cause to the debtor, and a summary hearing to decide the propriety of repossession. The rules offer protection for *purchasers of personal property* on credit while assuring a healthy business climate. *Id.* at 126. [emphasis added].

In light of this, it is clear that the enactment by the Navajo Nation Council sought to provide due process protection and protection for consumers of personal property through replevin. The rules as adopted by the judges do not exclude these protections by providing summary proceedings. The opportunity for the Navajo members to have a day in court is not lessened by the adoption of the Repossession Rules by the judges.

Having an opportunity to have a day in court affords the members an opportunity to file a counterclaim. Upon the Court's finding that the counterclaimant may have a valid claim, the counterclaimant has a right to discovery.

The Defendants/Counterclaimants are correct in arguing that while the Repossession Rules guide repossession cases, the Navajo Rules of Civil Procedure is still available. Here, it would be available for the purpose of discovery.

In *Reservation Business*, the Navajo Supreme Court stated that repossession actions, under 7 N.N.C., Secs. 607-609, are categorized as special actions which are primarily governed by the Rules of Reposession and to the "*extent the repossession rules do not address the specific procedural issue, it is resolved by the Rules of Civil Procedure.*" *Reservation Business*, 7 Nav. R at 127 [emphasis added].

B. The Shiprock District Court has subject matter and personal jurisdiction over the Petitioner/Counterclaimant.

The Petitioner also raised the issue of whether this Court has jurisdiction over it. Rule 2 of the Rules of Repossession specifically states:

> Any person seeking remedies of: repossession or [otherwise] with respect to a credit transaction *shall be deemed to have submitted to the jurisdiction of the court for the purposes of determining the rights of all parties to the credit transaction.* The right to a remedy is based upon the submission to the

court's jurisdiction and with respect to the entire transaction between the parties. [emphasis added].

This is not contrary to 7 N.N.C., Sec. 253 (b). Therein, the Navajo Tribal Courts have jurisdiction over all civil causes of action in which the defendant is a resident of Navajo Indian Country. This section is also not inconsistent with Rule 13 of the Navajo Rules of Civil Procedure in which the following is stated:

> A pleading shall state as counterclaim any claim which arises out of the transaction or occurrence that is the subject matter of the opposing party's claim and does not require for its adjudication the presence of third parties of whom the court cannot acquire jurisdiction.

In the text, *Civil Procedure*, 2nd ed., James & Hazard, Little Brown and Co., regarding the subject of jurisdiction in counterclaims, it is stated,

> The Plaintiff is in effect defendant to a counterclaim. Since he voluntarily brought the original action, the state whose court he entered has the constitutional authority to subject him to all the reasonable procedural consequences which that step entails under the local practice, and this includes subjecting him to counterclaims and cross claims without the service of process upon hin even though he is a non-resident.

> *Jurisdiction over the subject matter*

> A claim must be within the subject matter over which a court has jurisdiction before it may be asserted as a counterclaim before that court. As a general proposition this means that the court would have jurisdiction over the counterclaim if it were brought as an original action.... The problem of jurisdiction over the counterclaim arises most often in one of two contexts: (1) where the original action is brought in a state court of limited jurisdiction and defendant's claim exceeds the limit; and (2) where the original action is brought in federal court and the court would not have diversity jurisdiction over the counterclaim if it were brought as a separate action.

The discussion above specifically focuses on state and federal court jurisdiction. Federal courts have limited jurisdiction conferred by Article III of the U.S Constitution. Several doctrines have emerged permitting federal courts to adjudicate claim(s) otherwise outside their jurisdiction. The ancillary jurisdiction doctrine is described as a defendant's doctrine. *Federal Practice and Procedure*, 32 Am. Jur., Sec. 1246. Ancillary jurisdiction is intended to ensure that judgments are given full effect and to effectuate judicial economy by ensuring that disputes related to a single dispute are resolved in a single forum. *Id.* at Sec. 1252. Ancillary jurisdiction requires:

> [A] direct relationship to property or assets actually or constructively drawn into the court's possession or control by the principal suit. Under modern practice the Court of Appeals have adopted different tests to determine when a claim is ancillary. According to one test, a claim is ancillary if it arises out of

the subject matter of the original action and involves the same persons and issues. Under another test, a claim is ancillary when it bears a logical relationship to the aggregate core of operative facts which constitute the main claim over which the court has an independent basis of federal jurisdiction.

*Id.* at Sec. 1253.

Federal District Courts also exercise ancillary jurisdiction over compulsory counterclaims.

A court must possess jurisdiction over the main claim before it can exercise jurisdiction over a compulsory counterclaim which does not have an independent jurisdictional basis, but once ancillary jurisdiction attaches, it is not lost even though the principal claim is dismissed, or the counterclaim is the subject of a pending state court suit.

*Id.* at Sec. 1254. In this case, the Defendants argue that this Court can adopt and apply the ancillary (supplemental) jurisdiction doctrine so as to allow them to proceed with their counterclaim.

Pendant and ancillary jurisdiction are combined into supplemental jurisdiction which gives a court subject mattter jurisdiction over claims in an action so related to the claims over which the court has original jurisdiction as to form part of the same case or controversy. 28 U.S.C. Sec. 1367(a).[1]

Defendants argue that the Defendants' counterclaim is compulsory. The Navajo Rules of Civil Procedure track federal rules with adjustments to conform to Navajo Nation circumstances. *Reservation Business*, 7 Nav. R. at 126.

Rule 13 of the Navajo Rules of Civil Procedure allow counterclaims where the claim arises out of the same transaction or occurrence that is the subject matter of the opposing party's claim. The Navajo circumstance here is that there is a strong policy that where repossession law is invoked, the consumers are protected and given a day in court. Repossession laws in essence are internal affairs because, in order to repossess property, a business located off the Navajo reservation subjects itself to the Navajo Tribal Courts. This Court is satisfied that the counterclaim filed by the Defendants is compulsory.

The Court orally denied Petitioner's Motion to Dismiss the counterclaim. This Court also denied Petitioner's Motion for Protective Order and granted Defendants' Motion to Compel Discovery. The Petitioner was ordered to respond to the discovery requests.

Initially, Defendants requested this Court to compel information sought in Interrogatories # 2, 5, 6, 9, 10, 11, 12 and 13. The Petitioner had informed the Court that it was happy to provide information sought in Interrogatory # 2.

Petitioner argues that the information sought is irrelevant and in effect will annoy, embarass, and oppress Petitioner and its Shareholders. Petitioner also

---

1. In 1990, the Judicial Improvement Act was passed by Congress. Under this statute, it has been held that Federal Courts have supplemental jurisdiction over compulsory counterclaims without a separate basis for subject matter jurisdiction. *See, Shamblin v. City of Colchester*, 793 F. Supp. 831, 833 (C.D. Ill. 1992); *Unique Concepts Inc. v. Manuel*, 930 F. 2d. 573, 574 (7th Cir. 1991).

argues that the information sought is confidential regarding corporate income taxes, debts and assets, meetings, elections and salaries of employees.

The Court notes that the Defendants are alleging, among other things, fraud, violation of New Mexico Unfair Trade Practices Act and Breach of Warranty of Title, for which Defendants are requesting damages (treble in one instant), punitive damages, and attorney's fees and costs. In regard to Interrogatories # 5 and 6, the Court is satisfied that the information sought is relevent, given the allegations in the counterclaim and the request for punitive damages. Assessment of Petitioner's finances is relevent in this regard.

In regard to Interrogatories # 9, 10, 12 and 13, this Court is further satisfied that, given the allegations and the punitive damages which are requested, the interrogatories are relevant. If actual damages are awarded, punitive damages may be awarded and if requested, it may be awarded by piercing the corporate veil.

All information sought goes to the issue of punitive damages. In assessing punitive damages, it is proper to consider net worth. *Hollins v. Powell*, 773 F.2d 191 (1985). In *Hollins*, the Federal Court found it proper to award punitive damages against a party where the conduct involves a reckless or callous indifference to the federally protected rights of others or where a party's conduct is outrageous and where there is a need to deter similar conduct in the future. Also, punitive damages are allowed in cases involving fraud. *Gibson v. Western Fire Ins. Co.*, 682 F.2d 725 (Mont. 1984). Here, punitive damages could be awarded where conduct involves reckless or callous indifference to the protected "rights of the Navajo members in the repossession laws of the Navajo Nation and/or where a party's conduct is outrageous.

Here, this Court is satisfied that the information sought is relevent. This Court has subject matter jurisdiction and IT IS HEREBY ORDERED that the information sought in the interrogatories and Request for Production #5 and #6 be submitted to the Defendants no later than 30 days, October 24, 1991, and for the Petitioner to produce interrogatories and Request for Production # 9-13, also within 30 days. A hearing on the merits is to be held on November 21, 1997, at the hour of 10:00 a.m., at the Shiprock District Court, Shiprock, New Mexico. The Motion to Dismiss and the Motion for a Protective Order were denied previously. This Court grants the Motion to Withdraw and to Substitute Attorney.